IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

|  |  |
|---|---|
| LARRY HEARD a/k/a "Mr. Fingers" and ROBERT OWEN, <br><br> Plaintiffs, <br><br> v. <br><br> TRAX RECORDS, INC., PRECISION/TRAX RECORDS, an entity unknown legal origins, RACHAEL SHERMAN nee RACHAEL CAIN p/k/a SCREAMIN' RACHAEL, doing business as SCREAMING RACHAEL CAIN MUSIC and TRAX RECORDS, and JOHN DOES 1-10, <br><br> Defendants. | Case No. 20-cv-03678 <br><br> Honorable Sharon J. Coleman |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR FEDERAL RULE 9(b) AND 12(b)(6) PARTIAL MOTION TO DISMISS COUNTS I THROUGH III AND V THROUGH VIII OF PLAINTIFFS' AMENDED COMPLAINT**

**I.   INTRODUCTION**

In 1986 and 1987, Trax Records' founder, Larry Sherman, registered its copyright to compositions and sound recordings in Heard and Owens' music.  For over 34 years, Mssrs. Heard and Owens did not contest the validity of Trax Records' copyright, sue for allegedly unpaid royalties, or raise any other claims in Court.  That changed two months after Mr. Sherman's death on April 4, 2020, immediately prompting Plaintiffs' filing of this litigation knowing that Mr. Sherman was no longer able to defend himself against Plaintiffs' various allegations.  Now that Mr. Sherman is not able to defend himself, Plaintiffs filed their initial complaint and accused Mr. Sherman and Trax Records of fraud on the copyright office (Count I) and for allegedly violating the Illinois Consumer Fraud and Deceptive Trade Practice Act (Count VII), amongst various other equitable-based claims.

Defendants moved to dismiss Plaintiffs' original complaint. (Dkt. ## 14-15.) Defendants argued that the Court should dismiss: (1) Counts I through III and V through VIII pursuant to Federal Rule 12(b)(6) for failure to state a cause of action; and (2) Counts I and VIII for the additional reason that the allegations for those counts do not satisfy the pleading requirements of Federal Rule 9(b). Plaintiff did not respond to that motion but instead filed the current Amended Complaint, presumably claiming they remedied the deficiencies with their original complaint. (Dkt. #17.) They did not. The Amended Complaint suffers from the same infirmities as the original complaint. The Court should dismiss:

- Counts I through III and V through VIII pursuant to Federal Rule 12(b)(6) and

- Counts I and VIII for the additional reason that the allegations for those counts do not satisfy the pleading requirements of Federal Rule 9(b).

For the reasons set forth herein, Defendants request that the Court grant Their Motion and dismiss Counts 1-3, 5-8 with prejudice.

## II.  BACKGROUND FACTS FROM THE COMPLAINT[1]

In 1983, Larry Sherman started Trax Records, Inc. d/b/a Precision/Trax[2], a Chicago-based record label. (Compl. ¶ 54.) Larry Sherman passed away on April 8, 2020. (Compl. ¶ 8.)

Rachael "Cain was one of the first artists signed by Trax Records. She was (and is) known professionally as 'Screamin' Rachael.' Cain would later be dubbed the 'Queen of House Music' and eventually marry Sherman and become his business partner." (Compl. at ¶ 55.) Larry Sherman – not Rachael Cain – was the founder of Trax Records. (*Id*. at ¶ 53.) Cain revived the Trax Record

---

[1] Defendants contest the factual allegations in Plaintiffs' Complaint. However, Defendants accept the well-plead factual allegations of the Complaint as true as required under a Federal Rule of 12(b)(6) motion to dismiss.

[2] Defendant Precision/Trax Records does not appear to be a separate operating entity but instead appears to be a tradename or "dba" of Trax Records. Trax Records, Ltd. was dissolved in 1980. (Compl. ¶ 9.)

label in 2006 after a period of decline, and since then allegedly controls the business operations of Trax Records. (Compl. ¶ 53, 55.)

The Plaintiffs, Mssrs. Heard and Owens, are musicians that create "house" music. Heard and Owens wrote, recorded, composed and/or co-wrote, recorded, or composed certain sound recordings and compositions including: *Mystery of Love*, *Can You Feel It*, *Washing Machine*, *Bring Down the Walls*, *Never No More Lovely*, *Distant Planet* and *Donny*. The musical compositions and recordings are referred to in the Complaint as "Compositions" and "Recordings". (Compl. ¶ 70-74.)

In or about 1985 through 1987, Heard and Sherman entered into four written agreements[3] regarding Heard's Compositions and Sound Recordings. (Compl. ¶ 71-73.) Plaintiff does not attach any of the four documents to the Amended Complaint, and only generally describe their *opinion* of the legal effect of the first three agreements, omitting any description of the fourth document that Heard and Sherman signed. (*Id*.) The agreements "*purportedly* either assigned Heard's share of the copyrights in four musical compositions to Precision/Trax or granted Precision/Trax a mechanical license to record and release those musical compositions . . . ." (Compl. ¶ 70 (emphasis in original).)

---

[3] Plaintiffs identify having entered into four agreements with Trax Records, yet describe only three of the four agreements in the Complaint. (Compl. ¶ ¶ 57-61.) Even though Plaintiffs assert a claim for fraud on the copyright office in Count I of the Complaint, which requires allegations that meet the particularity requirements of Federal Rule 9(b), Plaintiffs do not attach actual copies of any of the four agreements that Heard entered into with Trax Records, choosing instead to paraphrase the legal effect of the three mentioned agreements. (Compl. ¶ 59-61.) Plaintiffs' paraphrasing of the terms of the agreements is not sufficient under either Federal Rules 8 or 9(b).

"The title, copyright claims, registration numbers, and a description of the claims are summarized in paragraph 83 of the Complaint as follows:

| TITLE | CLAIMANT(S) - REGISTRANT (S) | REG. NO. | ISSUE DATE | RIGHTS CLAIMED |
|---|---|---|---|---|
| *Can You Feel It* | Larry Heard | PAu-896668 | 10/17/86 | Music |
| *Can You Feel It* | Trax Records | SR-008153 | 2/26/87 | Sound Recording & Music |
| *Washing Machine* | Trax Records | SR-008153 | 2/26/87 | Sound Recording & Music |
| *Washing Machine* | Larry Heard | PAu-777775 | 11/5/85 | Music |
| *Beyond The Clouds* | Trax Records | SR-008153 | 2/26/87 | Sound Recording & Music |
| *Beyond The Clouds* | Larry Heard | PAu-896546 | 10/20/86 | Music |
| *Bring Down the Walls* | Larry Heard & Robert Owens | PAu-911147 | 11/19/86 | Music |
| *Bring Down the Walls* | Trax Records | SR-081157 | 2/26/87 | Sound Recording & Music |
| *Distant Planet* | Larry Heard & H. Dennis | PAu-1027097 | 11/10/87 | Music |
| *Never No More Lonely* | Larry Heard, Robert Owens | PAu-927655 | 1/27/87 | Music |
| *Donnie* | Larry Heard, I. Eberhart & H. Dennis | PAu-971117 | 3/2/87 | Music |

(Compl. ¶ 83.)

Also according to the Amended Complaint, the Defendants have sold, distributed, or exploited the Recordings and Compositions or licensed them many times over to licensees throughout the world. (Compl. ¶ 87.). Plaintiffs further allege on "information and belief" the

4

Defendants generated millions of dollars of income from the exploitation of the Compositions and Recordings. (Compl. ¶ 92.)

After the passage of 34 years since execution of the documents at issue and registration of the copyrights with the copyright office in 1986 and 1987, Plaintiffs filed this action two months after Larry Sherman (the founder and owner of Trax Records) passed away.

### III. STANDARD

A motion to dismiss pursuant to Federal Rule 12(b)(6) challenges the sufficiency of the pleading. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes all well-pleaded allegations in the light most favorable to the plaintiffs, accepting as true all well-pleaded facts, and drawing all reasonable inferences in their favor. *Id*. To survive a motion to dismiss under Federal Rule 12(b)(6), not only must the complaint provide fair notice of the claim's basis, but it must also allege facts to show that, on its face, the requested claim is plausible and not just possible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, Counts I through III, and V through VIII fail to state a claim upon which relief can be granted, requiring dismissal pursuant to Federal Rule 12(b)(6).

Plaintiffs' claims in Count I and VIII require compliance with the pleading requirements of Federal Rue 9(b). Fed. R. Civ. P. 9(b). Rule 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The rule is said to serve three main purposes: (1) protecting a defendant's reputation from harm; (2) minimizing 'strike suits' and 'fishing expeditions'; and (3) providing notice of the claim to the adverse party. [T]he rule requires 'the plaintiff to state 'the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Vicom, Inc. v. Harbridge Merchant*

*Services*, 20 F.3d 771, 777 (7th Cir. 1994) (internal citations omitted). Counts I and VIII fail to satisfy the requirements of Federal Rule 9(b) and must be dismissed.

IV. **ARGUMENT**

    A. **The Court Should Dismiss Count I for Alleged Fraud on the Copyright Office**

Count I of the Complaint seeks a declaratory judgment to invalidate Trax Records' copyrights on the Compositions and Sound Recordings for alleged fraud on the copyright office by "Trax Records" when applied for and received certificates of registration in 1986 and 1987. (Compl. ¶¶ 95-98.) The Court should dismiss Count I.

First, Plaintiffs have not sufficiently plead Count I with particularity as required by Federal Rule 9(b). Second, Trax Records is entitled to the rebuttable presumption of the validity of the copyrights identified by Plaintiffs in the Complaint. The facts -- accepting them as true as required on a 12(b)(6) motion -- do not overcome the presumption of validity because they do not identify a misrepresentation of *material fact*, but instead merely identify a legal opinion of the effect of the documents described in the Complaint by Plaintiffs.

        1. **Count I Has Not Been Stated With Particularity Required by Rule 9(b)**

A claim for fraud on the copyright office must be stated with particularity under Federal Rule 9(b), which Plaintiffs have failed to do. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (fraud on the copyright office claims must meet the pleadings requirements of Federal Rule of Civil Procedure 9(b)); *O.T. Pickell Builders v. Witowski*, No. 96 C 4233, 1998 U.S. Dist. LEXIS 14936, at *14 (N.D. Ill. Sep. 16, 1998) (holding Federal Rule 9(b) should apply to a claim of fraud on the Copyright Office.); *Kaseberg v. Conaco, LLC*, 360 F. Supp. 3d 1026, 1032 (S.D. Cal. 2018) ("As with all allegations of fraud, claims of fraud on the Copyright Office must be pled with particularity

pursuant to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure."); *Metropolitan Regional Info. Sys v. Am. Home Realty Network, Inc.*, 948 F. Supp. 2d 538, 558 (D. Md. 2013) (same). "Rule 9(b) specifically requires that Plaintiffs do more than merely describe the basic parameters of a fraudulent scheme; instead, Plaintiffs effectively must allege "who, what, when, where, and how." *Leaf, Inc. v. Burdeen*, No. 95 C 5959, 1996 U.S. Dist. LEXIS 2250, at *19-20 (N.D. Ill. Feb. 27, 1996) (internal citations omitted); *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). As previously recognized by this Court,

> '[t]he purposes of Rule 9(b) are (1) to inform the defendants of the nature of the claimed wrong and enable them to formulate an effective response and defense; (2) to eliminate the filing of a conclusory complaint as a pretext for using discovery to uncover wrongs; and (3) to protect defendants from unfounded charges of fraud which may injure their reputations.'

*Leaf, Inc.*, No. 95 C 5959, 1996 U.S. Dist. LEXIS 2250, at *19-20 (internal citations omitted).

In the instant case, the Amended Complaint bases its fraud claim on the allegations that between 1985 and 1987, Larry Sherman and Heard signed three documents regarding the transfer of compositions and sound recording rights from Heard to Precision/Trax. (Compl. ¶ 71-73.) After executing these written documents, "Trax Records" then identified itself as holding a copyright on the Trax Applications because of a written contract and further identified that it owned the sound recordings for copyrights for certain recordings in the Trax SR Registration that were issued by the Copyright Office on February 26, 1987. (Compl. ¶ 98-99.)

The allegations are not sufficient to meet the particularity requirements of Federal Rule 9(b). First, Plaintiffs do not allege any facts to support the inclusion of Rachael Cain personally in the alleged fraud on the copyright office. The facts alleged show only that Larry Sherman and Mr. Heard entered into various agreements, and "Trax Records" applied for copyright protection allegedly misstating the legal effect of the agreements between them. The Complaint makes clear that Ms. Cain was an merely a Trax Records' artist in the 80s, and allegedly not taking control of

7

Trax Records until 2006. Count I does not contain sufficient facts with particularity to tie Ms. Cian to a claim of alleged fraud. The allegations contain no detail identifying any role Ms. Cain allegedly played with respect to Count I, as required. *Leaf*, No. 95 C 5959, 1996 U.S. Dist. LEXIS 2250, at *19-20; *DiLeo*, 901 F.2d at 627. Count I should be stricken as to Ms. Cain.

Second, the allegations in Count I and incorporated therein impermissibly lump the Defendants together without differentiating between the conduct of one defendants versus another. *Lincoln National Bank v. Lampe*, 414 F. Supp. 1270, 1279 (N.D. Ill. 1976)). "The identity of those making the misrepresentations is crucial. Courts have been quick to reject pleadings in which multiple defendants are 'lumped together' and in which

> no defendant can determine from the complaint which of the alleged representations it is specifically charged with having made, nor the identity of the individual by whom and to whom the statements were given, nor the situs and circumstances of the conversation, nor . . . the date of the utterance.

*Lincoln*, 414 F. Supp. at 1278; *McKee*, 604 F. Supp. at 931.

Third, Plaintiffs' premise the fraud claim on the legal conclusion regarding the proper interpretation of three of four documents identified in the Complaint but not attached. The Complaint then paraphrases the legal effect of the three agreements in paragraphs 70-74, culminating with the conclusion that the agreements "do not contain any grant of copyright ownership or any assignment or transfer of any copyright ownership interests in the sound recordings . . . ." (*See also* Compl. ¶¶ 74 (asserting additional legal conclusions regarding the effect of the agreements), ¶ 71 (same), ¶ 72 (same), ¶ 74 (same). Conclusory assertions, however, are not sufficient to allege fraud with particularity. *Lincoln*, 414 F. Supp. at 1279. This is particularly true here, when, the Complaint bases the fraud accusations on the legal effect of an agreement that was admittedly entered into by Heard. (*Id* (admitting entering into four "documents" with Sherman and Trax).) Federal Rule 9(b) requires more.

In addition, Courts have dismissed complaints for simple claims of breach of contract, which is governed by the more lenient Rule 8 pleading standard, because the plaintiff fails to attach case dispositive agreements to the complaint. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (noting that the doctrine of incorporation by reference stops a plaintiff from being able to evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved his claim has no merit.). This is particularly true here as Plaintiffs claim is premised on the alleged conduct of Larry Sherman with respect to the execution and scope of the various agreements between Heard and Trax Records. (Compl. ¶¶ 7-74.) That Plaintiffs waited 34 years to press claims for alleged fraud, and then waited until 2 months after the death of Mr. Sherman, who entered into the agreements with Heard, so as to avoid having het benefit of his testimony. *Balma v. Henry*, 404 Ill. App. 3d 233, (2d Dist. 2010) (*citing Hoem v. Zia*, 159 Ill. 2d 193 (1994)) (noting, the Dead-Man's Act is intended to "remove the temptation of a survivor to testify to matters that cannot be rebutted," not to disadvantage the living."). Plaintiffs' description of the agreements and alleged conduct by "Trax Records" is not sufficient to satisfy the requirements of Rule 9(b) thereby requiring dismissal of Count I. They are certain not sufficient to warrant maintain g Defendant Cain as a defendant in Count I.

    **2.**    **The Court Should Dismiss Count I-III For Failure to State a Claim Under Rule 12(b)(6)**

Plaintiffs' claim in Count I has failed to overcome the presumption of copyright invalidity, alleging nothing more than an alleged misunderstanding of the legal effect of the documents described in the Complaint, as opposed to stating a material misrepresentation of fact as required to state a claim. Counts II and III are premised on the invalidity of Trax Records' copyright. Because Count I fails to state a claim, so too do Counts II and III fail to state a claim.

9

The Copyright Act provides that a certificate of a registration "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. §410(c); *Carol Barnhart Inc. v. Econ. Cover Corp*., 773 F.2d 411, 414 (2d Cir. 1985) (*quoting* H.REP. NO. 1476, 94th Cong., 2d Sess. 157). To overcome that presumption, Plaintiffs allege that Trax Records falsely informed the copyright office that it owned the copyright pursuant to written agreement in when it completed the Trax Applications and Trax Applications SR for: *Washing Machine, Can You Feel It,* and *Beyond the Clouds*. (Compl. ¶ 78- 82.); *Whimsicality, Inc. v. Rubie's Costume Co*., 891 F.2d 452, 455 (2d Cir. 1989) ("Possession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable. 17 U.S.C. § 410(c) (1982)."). To prevail this claim, Plaintiffs must establish that Trax Records "knowingly ***misrepresented or omitted material facts*** on the registration application which might have occasioned a rejection of the application." *Beloit Corp. v. C3 Datatec*, Case No. 93-C-447, 1995 U.S. Dist. LEXIS 16685, at *27 (E.D. Wis. Aug. 23, 1995) (emphasis added). A claim alleging fraud on the Copyright Office is only available where the registrant is alleged to have made false representations of fact with the requisite intend to defraud. *Id.*

Here, the Plaintiffs admit entering into written agreements with Trax Records that transferred or assigned specific rights to the Sound Recordings and Compositions. Whether the agreements assign or transfer rights in the Sound Recordings to Trax – which representations forms the basis of this claim -- constitutes an alleged ***misstatement of law***, not of statement of material fact, which is required to state a claim for fraud on the copyright office. *G&G Closed Circuit Events, LLC v. Castillo,* 327 F. Supp. 3d 1119, 1136 (N.D. Ill. 2018) ("It is well established ... that misrepresentations of the law are not actionable as fraud, including under the mail and wire fraud statutes, because statements of the law are considered merely opinions and may not be relied upon

absent special circumstances." (quoting *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 940 (9th Cir. 2006)); *Vickers v. Henry County Savings & Loan Asso.*, 827 F.2d 228, 232 (7th Cir. 1987) (dismissing fraud claim because representations of the legal effect of a written agreement not actionable). Because the interpretation of the effect of the agreements at issue constitutes a statement of law, not fact, the Court should dismiss Count I.

Counts II and III for alleged copyright infringement are premised on the alleged invalidity of Trax Records' copyright. Because Count I fails to overcome the presumption of the validity of Trax Records' copyrights, Counts II and III also fail to state claims upon which relief can be granted and should be dismissed. Accordingly, the Court should dismiss Counts I through III.

> **B. The Court Should Dismiss Plaintiffs' Breach of the Warranty of Good Faith and Fair Dealing Claim (Count V)**

Count V purports to state a claim for beach of the duty of good faith and fair dealing. The duty of good faith and fair dealing requires a party vested with discretion to exercise that discretion reasonably and within the contemplation of the parties at the time of entering into the subject agreement. *Bank of Am. v. Shelbourne Dev. Grp., Inc.*, 732 F. Supp. 2d 809, 823-24 (N.D. Ill. 2010). To allege a breach of the covenant, a party must plead the existence of contractual discretion. "[T]he good-faith duty to exercise contractual discretion reasonably does not apply where no contractual discretion exists." *Bank of Am.*, 732 F. Supp. 2d at 824 (dismissing claims and affirmative defense for breach of duty for good faith and fair dealing because defendant failed to identify any terms of agreement vesting plaintiff with discretion). Here, Plaintiffs does not identify any contractual term of any agreement granting Defendants with discretion. The duty of good faith is not an independent claim. The Court should dismiss Count V.

**C.     The Court Should Dismiss Count VIII For Alleged Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act**

**1.     Count VIII Does Not Satisfy Federal Rule 9(b) Pleadings Requirements**

Count VIII does not satisfy the requirements of Rule 9(b).  Claims under the Illinois Consumer Fraud Act ("Act") must be plead in accordance with the heightened pleading requirements of Rule 9(b). *See* Fed R. Civ. P. 9(b); *U.S. v. All Meat & Poultry Products Stored at Lagrou Cold Storage*, 470 F. Supp. 2d 823, 830 (N.D. Ill. 2007) (internal citations omitted).  A "plaintiff bringing an Illinois consumer fraud claim must allege: (1) a deceptive act or practice by defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade and commerce. . . .  In order to adequately allege a deceptive act or practice, the plaintiff 'must allege who, what, when, where and how' the alleged fraud occurred." *All Meat & Poultry Products*, 470 F. Supp. 2d at 830 (internal citations omitted); *McKee v. Pope Ballard Shepard & Fowle, Ltd.*, 604 F. Supp. 927, 930 (N.D. Ill. 1985) ("Dozens of courts have attempted to prescribe the more detailed pleading requirements of Rule 9(b), but all have agreed that at the least, a plaintiff pleading fraud must "specify the time, place and contents of any alleged false representations, and the full nature of the transaction."), quoting *Lincoln National Bank v. Lampe*, 414 F. Supp. 1270, 1279 (N.D. Ill. 1976)).

Here, Count VIII of the Complaint consists almost entirely of legal conclusions, failing to identify the who, what, where, where and how that forms the basis of their claim.  Indeed, Plaintiffs allege in a conclusory manner that "Defendants have committed deceptive acts or practices including . . .selling and distributing to the public . . . physical records and digital distribution. . . ." (Compl. ¶ 139.)  These allegations provide none of the required detail to state a claim for fraud, such as identifying *specifically* who engaged in the what *specific* distribution, the manner of the

distribution, when, where, to whom and through what methods. *McKee*, 604 F. Supp. at 930. For this reason alone, the Court should dismiss Count VIII.

Not only do Plaintiffs fail to state their allegations with the required specificity, but they also impermissibly group all of the Defendants together in their allegations in direct contradiction of the requirements of Federal Rule 9(b). *Lincoln*, 414 F. Supp. at 1279. "The identity of those making the misrepresentations is crucial. Courts have been quick to reject pleadings in which multiple defendants are 'lumped together'" *Id.* at 1278; *McKee*, 604 F. Supp. at 931; *See, e.g.*, Compl. ¶¶ 95, 98, 99, 101, 139 ("*Defendants* have committed deceptive acts or practices"), 141 ("*Defendants* intended that the public rely"), 142 ("*Defendants'* deceptive acts or practices"), and 143 (same).)

In sum, the Plaintiffs have failed to allege sufficient facts in Count VIII as required by Federal Rule 9(b) and the Court should dismiss it accordingly.

### 2. Count VIII Does Not State a Claim Under the Act

To state a cause of action for violation of the Act, Plaintiffs must allege:

> (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade or commerce; and (4) actual damage to the plaintiff (5) proximately caused by the deception. It is thus apparent that the elements of a fraud claim under the Consumer Fraud Act are the same as common law fraud, except that a plaintiff is not required to plead reliance.

*Kalpake v. Regas*, 2018 IL App (1st) 17-1282-U, ¶ 41 (citations omitted); *accord, e.g., Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 62; *See Cozzi Iron & Metal, Inc. v. U.S. Office Equip.*, 250 F.3d 570, 575-76 (7th Cir. 2001).

First, a claim under the Act must assert "(1) a deceptive act or practice by the defendant; (2) the *defendant's* intent *that the plaintiff rely on the deception*. . . . and (4) actual damage to the *plaintiff*. . . ." *Id.* (emphasis added). Here, Plaintiffs' claim must be dismissed because it is based

13

on alleged representations *to the public at large*, and purports to address alleged harm to the public in general. Plaintiffs have not alleged any deceptive or false representations by Defendants that were directed at Plaintiffs. Nor have Plaintiffs alleged that they suffered harm or damage because of Defendants' allegedly deceptive representations to unknown third parties who make up the general population.

Second, even if the allegations somehow support a facially plausible claim under the Act (which they do not), they show that Plaintiffs do not have standing to assert the claim as alleged. *See, e.g., Pritikin v. Liberation Publications, Inc*., 83 F. Supp. 2d 920, 924 (N.D. Ill. 1999). To have standing, a plaintiff must meet the constitutional requirements: "(1) the party must have personally suffered an actual or threatened injury caused by the defendant's illegal conduct; (2) the injury must be fairly traceable to the challenged conduct; and (3) the injury must be one that is likely to be redressed by a favorable decision." *Pritkin*, 83 F. Supp. 2d at 924. Here, the defendants' alleged conduct has not caused any harm to Plaintiffs.

Third, private plaintiffs' claims under the Act "must show that the consumer fraud proximately caused plaintiff[s'] injury." *E.g., Connick v. Suzuki Motor Co*., 174 Ill. 2d 482, 501 (1996) (citations omitted). Plaintiffs must therefore allege that they suffered damages "as a result" of Defendants' allegedly deceptive conduct, which requires plaintiffs to allege that they were "actually deceived." *See, e.g., De Bouse v. Bayer*, 235 Ill. 2d 544, 550, 559 (2009); *Avery v. State Farm Mut. Ins. Co.*, 216 Ill. 2d 100, 199-200 (2005). Importantly, "those who 'knew the truth' do not have valid ICFA claims because they cannot claim to have been deceived." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (citation omitted); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 155 (Ill. 2002). Here, Plaintiffs allege that they knew they did not transfer the rights that are subject to Trax Records' copyright; if true, they have no claim.

Finally, even if Plaintiff had standing, the Plaintiffs' purported claim for an alleged violation of the Act is nothing more than a repackaged claim for breach of contract that forms the basis of Count IV of the Complaint thereby requiring its dismissal. "A claim under Illinois' consumer fraud act must be based on more than an allegation that a defendant failed to fulfill terms of a contract." *See Avery*, 216 Ill. 2d at 199-200 (stating that claims under the Illinois consumer fraud act must consist of something more than a breach of contract claim); *see also Petri v. Gatlin*, 997 F. Supp. 956, 968 (N.D. Ill. 1997) (distinguishing between a claim under the Illinois consumer fraud act and a claim for breach of contract). In addition, there are no allegations that Defendants distributed any of the Recordings along with an alleged representation to consumers of their ownership or control. Plaintiffs merely allege that Defendants sold and distributed the Recordings without the legal right to do so. Even if they true – as alleged and accepted as true solely for the purposes of hits Motion – that sale or distribution is nothing more than a claim for an alleged breach of contract. It is not actionable.

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss Count I through III and V through VIII and grant any additional relief the Court deems just.

DATED: January 19, 2021

                                                   **RACHAEL CAIN, PRECISION/TRAX AND TRAX RECORDS INC.**

BY: _____
        One of their Attorneys

Richard P. Darke
Duane Morris LLP
190 S. LaSalle Street, Suite 3700

Chicago, IL 60601
(312) 499-6700
rpdarke@duanemorris.com

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 20, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Richard P. Darke*

Robert S. Meloni (*pro hac vice* forthcoming)
Thomas P. McCaffrey (*pro hac vice* forthcoming)
MELONI & McCAFFREY, a Professional Corporation
3 Columbus Circle – 15th Floor
New York, New York 10019
Tel: (212) 520-6090
rmeloni@m2lawgroup.com

Christopher M Heintskill (ARDC No. 6272391)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 346-8380
cheintskill@lplegal.com
*Appearing as Local Counsel for Plaintiffs*