**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION**

| | |
|---|---|
| LARRY HEARD, professionally known as "Mr. Fingers" and ROBERT OWEN, <br><br> Plaintiffs, <br><br> v. <br><br> TRAX RECORDS, INC., PRECISION/TRAX RECORDS, an entity of unknown legal origins, RACHEL SHERMAN née RACHAEL CAIN p/k/a SCREAMIN' RACHAEL, doing business as SCREAMING RACHAEL CAIN MUSIC and TRAX RECORDS, and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. 1:20-cv-03678 (SJC) <br><br> Honorable Sharon Johnson Coleman <br> (Magistrate Sunil R. Harjani) |

**PLAINTIFFS' MEMORANDUM OF LAW IN**
<u>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**</u>

MELONI & McCAFFREY, APC
Robert S. Meloni (*pro hac vice* pending)
Thomas P. McCaffrey (*pro hac vice* pending)
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel: (212) 520-6090

*Attorneys for Plaintiffs Larry Heard*
*and Robert Owens*

LEVENFELD PEARLSTEIN, LLC
Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 346-8380

*Attorneys for Plaintiffs Larry Heard*
*and Robert Owens*

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT ............................................................................................................................... 1

    I.    APPLICABLE STANDARD UNDER FED. R. CIV. P. 12(b)(6) ............................. 1

    II.    APPLICABLE STANDARD UNDER FED. R. CIV. P. 8(a) .................................... 3

    III.  APPLICABLE STANDARD UNDER FED. R. CIV. P. 9(b)..................................... 4

    IV.  PLAINTIFFS HAVE ADEQUATELY STATED ALL CLAIMS. ........................... 5

        A.  Count I Has Been Pleaded with Sufficient Particularity under Rule 9(b) ............. 5

        B.  Plaintiffs Have Stated A Claim For Counts I, II and III Under Rule 12(b)(6) ........ 8

        C.  Plaintiffs Adequately Alleged A Claim under the Illinois Consumer Fraud Act ................................................................................................................. 9

        D.  Plaintiffs Have Adequately Pled Their Claim for Breach of the Warranty of Good Faith and Fair Dealing ............................................................................ 13

CONCLUSION........................................................................................................................... 15

Now comes Plaintiffs Larry Heard and Robert Owens ("Plaintiffs"), by their undersigned attorneys, to oppose Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 9(b), and states as follows:

## PRELIMINARY STATEMENT

This motion is a sham.[1] It cherry-picks allegations out of context in an attempt to misdirect the Court as to the facts alleged in the Amended Complaint ("Complaint") and the law that applies to those allegations on this motion to dismiss.

As demonstrated below, Fraud on the Copyright Office has been clearly and particularly alleged in the Complaint in satisfaction of the legal requirements of Rules 12(b)(6), 8(a) and 9(b). Plaintiffs have also alleged a viable claim under the Illinois Consumer Fraud Act and for breach of the warranty of good faith and fair dealing. As a result, Defendants motion must be denied.

## ARGUMENT

### I.    APPLICABLE STANDARD UNDER FED. R. CIV. P. 12(b)(6).

A motion to dismiss receives careful scrutiny and is not often granted. *See Conley v. Gibson*, 355 U.S. 41, 45–46 (1957); *Rothner v. Chicago*, 929 F.2d 297, 302 (7th Cir.1991). The purpose of a motion to dismiss is not to decide the merits of the case, but, instead to test the sufficiency of the complainant's allegations. *See Avnet, Inc. v. Motio, Inc.*, Case No. 12 C 2100, 2015 WL 5307515, *2 (N.D. Ill. Sept. 9, 2015) (*citing Gibson v. City of Chicago*, 910 F.2d 1510,

---

1. Defendants' instant motion is virtually identical to their prior motion to dismiss the original complaint [Dkt. No. 15]. In order to avoid needless motion practice and to move this case along, Plaintiffs elected to amend the complaint in lieu of responding to that motion, even though the original complaint had no legal infirmities. Defendants' motion was stricken as moot [Dkt. No. 18]. The Amended Complaint that Defendants now seek to dismiss – consisting of eight claims and 168 detailed paragraphs – cured any of the purported issues already raised by Defendants. The original Complaint contained 144 paragraphs.

1520 (7th Cir.1990)). The court must accept as true the allegations of the complaint and draw all reasonable inferences in favor of plaintiff, *Lett v. City of Chicago*, 946 F.3d 398, 399 (7th Cir. 2020), and "offer[s] no opinion on the ultimate merits because further development of the record may cast the facts in a light different from the complaint." *Savory v. Cannon*, 947 F.3d 409, 412 (7th Cir. 2020). Defendant bears the burden of establishing the legal insufficiency of the complaint. *Moriarty ex rel. Teamsters Local Union No. 727 Health & Welfare Fund v. K & M Plastics, Inc.*, No. 03 C 7295, 2004 WL 1170000, *1 (N.D. Ill. Feb. 6, 2004) (*citing Yeksigian v. Nappi*, 900 F.2d 101, 104–05 (7th Cir.1990)).

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim to relief that is plausible on its face. *Authenticom, Inc. v. CDK Global, LLC (In re Dealer Mgmt. Sys. Antitrust Litig.)*, 313 F. Supp. 3d 931, 938 (N.D. Ill. 2018). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013). In applying the plausibility standard, courts must accept the well-pleaded facts in the complaint as true. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir.2013). A "heightened fact pleading of specifics" is not required. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir.2007).

Because the focus of Rule 12(b)(6) motions is on the pleadings, Courts can review the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir.2012); *Henson v. CSC Credit Services*, 29 F.3d 280 (7th Cir. 1994). Courts can take "[j]udicial notice of historical documents, documents contained in the public record, and reports of administrative bodies". *Peraica v. Village of McCook*, Case

No. 10 C 7040, 2015 WL 5090484, *1 (N.D. Ill. Aug. 28, 2015) (*quoting Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998))[2].

## II.   APPLICABLE STANDARD UNDER FED. R. CIV. P. 8(a).

"To survive a Rule 12(b)(6) motion to dismiss, the complaint typically must comply with Rule 8(a) by providing 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), such that the defendant is given 'fair notice of what the * * * claim is and the grounds upon which it rests.'" FDIC v. Patel, 19-cv-6917, 2020 U.S. Dist. LEXIS 211441, *5-6 (N.D. Ill. Nov. 12, 2020)  (*quoting Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)) (alteration in original)). The factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *EEOC v. Concentra Health Servs., Inc*., 496 F.3d 773, 776 (7th Cir. 2007) (*quoting Twombly*, 550 U.S. at 555).

However, "Rule 8(a) is 'not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer.'" *Gray v. City of Chicago*, No. 18 C 2624, 2019 U.S. Dist. LEXIS 128198, 2019 WL 3554239, at *5 (N.D. Ill. Aug. 1, 2019) (internal citations omitted).  And "an allegation directed at multiple defendants can be adequate to plead personal involvement." *Rivera v. Lake County*, 974 F. Supp. 2d 1179, 1194 (N.D. Ill. 2013) ("[A] plaintiff may not be able to attribute misconduct to specific individuals where the plaintiff did not know the identity of the offender at the time of the incident. In addition, where a plaintiff has been injured as the consequence of the actions of an unknown member of a collective body, identification of the responsible party may

---

2. Moreover, although a "complaint may not be amended by the briefs in opposition to a motion to dismiss," *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012), courts may "consider additional facts set forth in" a brief opposing dismissal "so long as those facts are consistent with the pleadings*," Phillips v. Prudential Ins. Co. of Am*., 714 F.3d 1017, 1019-20 (7th Cir. 2013).

be impossible without pretrial discovery.") (*citing Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009)).

### III.   **APPLICABLE STANDARD UNDER FED. R. CIV. P. 9(b).**

When a complaint alleges fraud, the heightened Rule 9(b) standard applies, requiring the pleading to "'state with particularity the circumstances constituting fraud.'" *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (quoting Fed. R. Civ. P. 9(b)). "While the precise level of particularity required under Rule 9(b) depends upon the facts of the case, the pleading ordinarily requires describing the who, what, when, where, and  how of the fraud." *Camasta*, 761 F.3d at 737 (internal citation and quotations omitted).

Rule 9(b)'s particularity requirement, however, is not inflexible and the "precise details that must be included in a complaint 'may vary on the facts of a given case.'" *Quitno v. General Motors, LLC*, 1:18-cv-07598, 2020 U.S. Dist. LEXIS 26904 * 6-7 (N.D. Ill. Feb. 18, 2002) (internal quotations omitted)*.*   Moreover, the particularity requirement of Rule 9(b) remains tempered by the "short and plain" pleading requirement under Rule 8(a):

> "The particularity requirement of Rule 9(b) should be read in conjunction with Rule 8(a)'s 'short and plain statement' pleading requirement. Thus, it is not necessary that a plaintiff plead each fraudulent detail, so long as the circumstances constituting fraud have been set forth adequately. '[T]he who, what, when, and where aspects of the fraud need not be related with exact details in the complaint as a journalist would hope to relate them to general public.' That is, it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against."

*Handler v. Moore (In re Moore)*, 19bk31162, 2020 Bankr. LEXIS 2348  *17-18 (Bankr. N.D. Sept. 20, 2020) (citations omitted).  Taken together, the result is clear, that if the Complaint states a plausible claim by setting forth the who, what, when and where of the misrepresentation, while at the same time pleading intent generally, and sets these forth in a plain statement, the Complaint meets the standards of Civil Rule 12(b)(6). *Id.* at *18.

4

## IV. **PLAINTIFFS HAVE ADEQUATELY STATED ALL CLAIMS**.

As demonstrated below, Plaintiffs have satisfied the Rule 9(b) requirements in pleading their fraud on the copyright office by sufficiently alleging the who, what where and how the fraud at issue occurred.

### A. **Count I For Fraud on the Copyright Office Has Been Pleaded with Sufficient Particularity under Rule 9(b).**

Plaintiffs' Complaint adequately describes the particularities of the fraud committed by Defendants on the Copyright Office by their application to register the copyrights in the sound recordings *Can You Feel It*, *Washing Machine*, *Beyond the Clouds* and *Bring Down the Walls*. See Complaint ¶¶93-115.

1. **Who**: "Sherman and/or Cain, acting through their alter ego 'Trax Records'" Complaint ¶99. "Cain, Sherman and Trax Records" Complaint ¶101.

2. **What**: "Trax Records submitted 'Form SR' applications to the Copyright Office when it applied for copyright registrations for the musical compositions and sound recordings entitled *Can You Feel It*, *Washing Machine*, *Beyond the Clouds* and *Bring Down the Walls* (the 'Trax Applications')" *Id.,* ¶95. "By filing a combined copyright registration application using Form SR for the "sound recording and music" in the name of Trax Records for *Can You Feel It*, *Washing Machine*, *Beyond the Clouds* and *Bring Down the Walls*, Sherman and/or Cain, acting through their alter ego "Trax Records," thus falsely asserted that they owned the copyrights for those Recordings." *Id.*, ¶104. "Neither "Trax Records" nor any of the other Defendants, including Cain, were ever assigned or transferred any copyright ownership interests in the Recordings. Thus, they were not – at any time since the date of creation of those Recordings – the copyright owner(s) thereof, including as of the date of filing of the Trax Applications." *Id.*, ¶107.

3. **When**: "In or about 1986 and 1987" [on the date Tax submitted the Form SR Applications]. *Id.*, ¶95. "February 26, 1987" *Id.*, ¶99.

4. **Where**: "the Copyright Office". *Id.*, ¶95.

5. **How:** "Cain, Sherman and Trax Records thus made knowingly false statements that they, or either of them, were assigned the copyrights in such Recordings 'by written contract' or 'transfer of all rights by author' by Heard and/or Owens. Such false representations were made to the Registrar of Copyright under oath,

pursuant to 18 U.S.C. §1001, that they, or either of them, had obtained ownership of the copyrights in those Recordings through written transfers signed by Heard and/or Owens, when in fact they had never been assigned any such copyrights." *Id.*, ¶¶101-102.

Thus, the above referenced factual allegations are stated with sufficient particularity to satisfy the requirements of Fed. R. Civ. P. 9(b). *See Towada Audio Co. v. Aiwa Corp.*, 18-cv-4397, 2019 U.S. Dist. LEXIS 41348, *21 (N.D. Ill. Mar. 19, 2019).

Defendants argument that Plaintiffs have not specified which of the Defendants committed the fraudulent acts is equally unavailing. "Where the defendants are corporate insiders or control the actions of an entity, this requirement is subject to some modification, especially in situations where defendants are in a better position to know the extent of each defendant's participation in the complained of conduct." *P & P Marketing, Inc. v. Ditton*, 746 F. Supp. 1354, 1362 ( N.D. Ill. 1990) (*citing Banowitz v. State Exchange Bank*, 600 F. Supp. 1466 (N.D. Ill. 1985)) The key question is whether each defendant is given sufficient notice of their respective roles in order that they may answer the complaint. 746 F. Supp. at 1362.

Defendants have been given sufficient notice of their respective roles in the fraudulent activity to allow them to answer the Complaint:

A.  Defendants, including Cain, at all relevant times acted in concert to improperly gain control and/or ownership of Heard's and Owens' intellectual property rights for their music and exploit that ownership and control to the Defendants' individual and common benefit. Complaint ¶85;

B. Among the unlawful acts they committed included falsely claiming copyright ownership of the four most popular recordings in the Form SR copyright applications for the recordings *Can You Feel It*, *Washing Machine*, *Beyond the Clouds*, and *Bring Down the Walls* by asserting under oath in those applications that "Trax Records" had been assigned the copyright ownership interest therein pursuant to a non-existent written copyright assignment. *Id.*, ¶86;

C. Since 1986, the Recordings and the Compositions have been sold, distributed, or exploited either directly by the Defendants, or any one of them, or licensed by Defendants many times over to licensees throughout the world. *Id.*, ¶87;

6

D. Furthermore, some of the Recordings have been materially edited, remixed, and otherwise altered, without Heard's and/or Owen's knowledge or permission, including making derivative versions through the addition of other writers (including Cain). *Id.*, ¶88.

E. On February 26, 1987, Sherman and/or Cain, acting through their alter ego "Trax Records," caused to be filed Form SR copyright applications with the Registrar of Copyrights seeking registrations in the name of "Trax Records" of the Sound Recording copyrights for Can You Feel It, Washing Machine and Beyond the Clouds and Bring Down the Walls, which Recordings were created and then owned by Heard and/or Owens. *Id.*, ¶99;

F. At the time such Form SR applications were filed, neither Cain, Sherman nor Trax Records owned – at that time or any time thereafter – any copyrights in and to the Recordings *Can You Feel It*, *Washing Machine* and *Beyond the Clouds* and *Bring Down the Walls*. *Id.*, ¶100;

G. Cain, Sherman and Trax Records thus made knowingly false statements that they, or either of them, were assigned the copyrights in such Recordings "by written contract" or "transfer of all rights by author" by Heard and/or Owens. *Id.*, ¶101;

H. The Trax Registrations were procured by fraud by Sherman and/or Cain, based on the fraudulent representations of copyright ownership of the Recordings. *Id.*, ¶108;

I. Those false representations were made by Cain and/or Sherman knowingly and with the intent to defraud the Copyright Office into approving and then issuing the Trax Registrations. *Id.*, ¶109;

J. Ownership of the copyright at issue is a material representation on an application for Copyright Registration. *Id.*, ¶110;

K. The Registrar of Copyrights, had it known the truth – that Heard and/or Owens were at the time the sole and exclusive owners of those copyrights – would have refused the registration. *Id.*, ¶111; and

L. As a result, the Trax Registrations must be invalidated since the information as to ownership and "transfer" were both knowingly false and material. *Id.*, ¶112.

Greater details as to each defendant's individual involvement beyond this level of specificity is clearly within the exclusive knowledge of the Defendants and will be divulged in detail during the discovery phase of this litigation.

**B.    Plaintiffs Have Stated A Claim For Counts I, II and III Under Rule 12(b)(6).**

Defendants argument that their copyright application constituted at most a non-actionable representation of the legal effect of the documents at issue rather than an actionable misrepresentation of fact intentionally conflates the allegations to purposely confuse the Court.[3] In so arguing, Defendants misstate the facts and the law to this Court.

Plaintiffs allege that Defendants misrepresented the fact that they owned the sound recording copyrights in their application to the Copyright Office. Complaint ¶86. The question of "ownership is a pure question of fact". *Niccum v. Meyer (In re Meyer)*, 97-2318, 97-2492/98-2090. 1998 U.S. App. LEXIS 20886, *13 (7th Cir. Aug. 21, 1998). Defendants statement was a material misstatement of fact that fully supports Plaintiffs' claim of Fraud on the Copyright Office.

Moreover, the Complaint specifically alleges that the documents at issue only apply to the four *musical compositions* covered by the copyright registrations at issue <u>and</u> that "[when the] Form SR applications were filed, neither Cain, Sherman nor Trax Records owned – at that time or any time thereafter – any copyrights in and to the Recordings." Complaint ¶¶70-73, 100. More specifically, the allegations expressly provide that the rights to any of the *sound recordings* made by Heard and/or Owens of those same compositions were <u>not</u> included in the documents at issue. *Id*., ¶¶74-75.[4] Defendants' false representations to the Copyright Office that it owned the copyrights to those *sound recordings* through assignments is a misrepresentation  since no such

---

3. Defendants blatantly misrepresent the allegations in the Complaint as follows: "the Plaintiffs admit entering into written agreements with Trax Records that transferred or assigned specific rights to the Sound Recordings and Compositions."  Defs. Memo, p. 10.  That is false. *See* Complaint *passim*.

4. A "sound recording" copyright protects rights in a specific recording of a musical work. A sound recording copyright is distinct from a "composition" copyright, which protects rights in the underlying work, *i.e.,* the music and, if applicable, lyrics. 17 U.S.C. § 102(a)(2), (7).

grants were ever made by Plaintiffs.[5] This is another misrepresentation of existing fact -- *i.e.*, the <u>contents</u> of the documents at issue – assigning the musical compositions only and non-exclusive mechanical licenses – as of the date the copyright applications were filed.[6] *See McVay v. Store House Co.*, 1:16-cv-00644-SEB-MJD, 2017 U.S. Dist. LEXIS 23688, *14 (S.D. Ind. Feb. 21, 2017)("Plaintiffs have identified an alleged misrepresentation of existing fact (i.e., the contents of the Agreement as of August 3, 2007)"). Thus, under Count I, Plaintiffs have stated an actionable claim for Fraud Against the Copyright Office under Rule 12(b)(6).[7]

### C. **Plaintiffs Adequately Alleged A Claim under the Illinois Consumer Fraud Act.**

While some courts analyze ICFA claims "under the heightened standard set forth in Federal Rule of Civil Procedure 9(b)" (*Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)), allegations that a defendant violated the ICFA's "unfair practices" prohibition, need not satisfy Rule 9(b)'s particularity requirement. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.,* 631 F.3d 436, 446 (7th Cir. 2011).Under the Rule 9(b) standard, the who, what, where, when and how are clearly stated in the Complaint: <u>Who,</u> is Defendants Trax Records, Inc., Cain doing business as "Trax Records" and Cain acting through her *alter ego*, Trax Records, Inc.[8] Complaint ¶¶99, 104, 106, 135, 145, 165-167; <u>What,</u> is Cain's false claim that

---

5. In section 4a of Form SR – the application for registration of a sound recording – a claimant who is not the author of the work being registered must include "a brief statement of how the claimant obtained ownership of the copyright." For example: 'By written contract'; 'Transfer of all rights by author'; 'Assignment'; 'By will'". The Complaint alleges that Trax Records, as the claimant of the sound recording copyrights, inserted the words "by written contract" or "transfer of all rights by author." Complaint ¶98.

6. When the clear terms of a contract conflict with the party's allegations, the contract controls. *See Appert v. Morgan Stanley Dean Witter, Inc.*, No. 08–CV–7130, 2010 WL 5186765, *1 (N.D. Ill. Dec. 9, 2010).

7. Given that Defendants sole argument to support dismissal of Counts II and III is that Count I must be dismissed, the success of Count I disposes of their argument for Count II and III.

8. Defendants' contention that Plaintiffs have "impermissibly group[ed] all of the Defendants together" is a mischaracterization. Defs. Memo, p. 13; Complaint *passim*. Cain's use of similar sounding legal entities for over 20 years such as "Trax Records, Inc", "Precision/Trax" and "Trax Records, Ltd.", individually using the same corporate

Trax Records was the sole copyright owner of Plaintiffs most famous sound recordings; unlawfully licensing the Infringing Sound Recordings to Casablanca Trax, Inc.; improperly leveraging that fictitious ownership claim in order issue valuable sound recording copyright licenses to third parties; and deceiving collectors and consumers into purchasing their poor quality sound recordings. *Id.*, ¶¶52-53, 135-138, 166-167; When, is "[s]ince early 2007". Id., ¶165; Where, is Defendants' office in Chicago. *Id.*, ¶160; and the How, is "using the enormous goodwill and brand identifications of Hear and Owens – both of whom have been legends in the field of house music – to market and promote those recordings." *Id.*, ¶160. *See Towada Audio Co. v. Aiwa Corp.*, 18-cv-4397, 2019 U.S. Dist. LEXIS 41348, *21 (N.D. Ill. Mar. 19, 2019).

Assuming *arguendo*, that Plaintiffs failed to satisfy Rule 9(b) pleading requirements, it is not required for an unfair practice claim under the ICFA that hinges upon a defendant's allegedly "unfair or unscrupulous" behavior rather than deceptive behavior. *Stavropoulos v. Hewlett-Packard Co.*, No. 13 C 5084, 2014 U.S. Dist. LEXIS 173964, 2014 WL 7190809, *3 (N.D. Ill. Dec. 17, 2014). Thus, an ICFA unfair practices claim does not have to meet the Rule 9(b) higher standard because it is not fraud-based. *See Camasta*, 761 F.3d at 737.[9]

A commercial practice is unfair under ICFA if it: (1) violates public policy, (2) is "so oppressive that the consumer has little choice but to submit," and (3) causes substantial injury to

---

name as a trade name, and the fact that the corporate defendants are all owned by Cain, requires that Plaintiffs refer to Cain and those entities as a group acting interchangeably and/or in concert over the years. The details as to each defendant's individual involvement is within the exclusive knowledge of the Defendants and will be divulged in detail during the discovery phase of this litigation. *See* Complaint ¶¶55-66.

9. Plaintiffs need not plead legal theories. *Vidimos, Inc. v Laser Lab, Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996); *see also Hall v. Nalco*, 534 F.3d 644, 649 n.3 (7th Cir. 2008) (noting that even an incorrect legal theory is not fatal to a plaintiff's claim). Thus, "[w]hile it may impose a heavy burden on the trial court to require it to search a complaint for any claim which may be stated therein, it is a burden that must be undertaken." *Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978). In doing so, the Court construes the complaint liberally, treating well-pled allegations as true, and drawing all reasonable inferences in the plaintiff's favor. *Disability Rights Wis., Inc. v. Walworth County Bd. of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

the consumer. *See Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010). However, the claimed unfair practice need not meet all three criteria. *Id.* With respect to the first element, "there is a strong public policy interest in protecting copyrights." *See Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1066 (7th Cir. 1994). Defendants' alleged conduct clearly violates that "strong public policy" interest in protecting Plaintiffs' copyrights, through their sale of sound recordings, in which Defendants knew they had no copyright interest, to an unsuspecting public who were purchasing these recordings based upon their own strong associations between the recordings and Plaintiffs, as well as the consumer harm caused by Defendants sale of inferior recordings under the brand names of Heard and Owens.

Despite Defendants' disingenuous efforts to mischaracterize Plaintiffs' ICFA claim, Plaintiffs pleading satisfies the pleading standard under Fed. R. Civ. P. 12(b)(6):

> (1) Defendants have committed deceptive acts or practices, including, but not limited to, selling and distributing to the public from their offices in Chicago, Illinois, physical recordings and digital distribution (through streaming services or otherwise) of the Recordings under the representation that they owned and controlled such works, while using the enormous goodwill and brand identifications of Heard and/or Owens – both of whom have been legends in the field of house music – to market and promote those recordings.

Complaint ¶160; and

> (2) Defendants have committed deceptive acts or practices, including, but not limited to, selling and distributing to the public from their offices in Chicago, Illinois, physical recordings and digital distribution (through streaming services or otherwise) of the Recordings under the representation that they owned and controlled such works, while using the enormous goodwill and brand identifications of Heard and/or Owens – both of whom have been legends in the field of house music – to market and promote those recordings.

*Id.,* ¶164.

Defendants' contention that Plaintiffs have not alleged that they suffered harm because of Defendants' representations to the public ignore both the allegations of the Complaint and the law.

The Complaint alleges Plaintiffs "had independently carved out their own musical reputations as leaders in the house music movement" and that:

> As a result of this historic, enduring cultivation of a loyal fan following of Heard and Owens (and Knuckles and Smith), each has risen to such prominence in the pantheon of House Music artists, that their music, including the songs at issue in this action, are associated with them by the public.

Complaint ¶¶46, 48. It also clearly alleges that Defendants leveraged the enormous popularity, goodwill and brand identification between the public and Plaintiffs most popular songs to sell those sound recordings to the public as the owner of those sound recordings. Complaint ¶¶ 160-167.

Finally, the Complaint alleges that the sound recordings created by Plaintiffs, and unlawfully reproduced and sold by Defendants, are known to be of "cheap, poor quality vinyl" and that [l]isteners and [ ] collectors often complain about poor pressings with 'pops' and imperfections, reputedly from the use of cheap or recycled vinyl,", which caused harm to the Plaintiffs' reputation and professional brand. Complaint ¶¶52-53.

Under the standing requirements established by this Court in *Pritikin v. Liberation Publs., Inc*., 83 F. Supp. 2d 920 (N.D. Ill. 1999), Plaintiffs have stated their ICFA claim. In *Pritiken*, plaintiff photographer's photograph was published without attribution or plaintiff's permission in Defendants' survey. The Court rejected Defendants' argument that the IFCA claim was pre-empted, but nonetheless dismissed the claim on standing grounds:

> But while Pritikin may be "a professional photographer, nationally recognized for having captured on film some of the most important people and events in recent history," which I must assume to be true for the purposes of the motion, he does not allege that he has the appropriate sort of prominence or that the photograph is associated with him in the public mind. The requisite causal link is therefore lacking. Pritikin accordingly has no standing to bring the Consumer Fraud Act claim.

*Pritikin*, 83 F. Supp. 2d at 924. However, Plaintiffs here have alleged both Plaintiffs' success and prominence as house music artists and the determinant missing causal link: that the sound

12

recordings exploited by Defendants to the public are associated with Plaintiffs in the public's mind. Complaint ¶48. Plaintiffs were damaged because the poor quality of the product sold through the association the public had made between those songs and Plaintiffs, which negatively impacted Plaintiffs. In that way, the Complaint states that the public was deceived, and the Plaintiffs were directly damaged thereby, as required by the IFCA.

### D. Plaintiffs Have Adequately Pled Their Claim for Breach of the Warranty of Good Faith and Fair Dealing. [10]

"The covenant [of good faith and fair dealing] requires a party vested with broad discretion to act reasonably and not arbitrarily or in a manner inconsistent with the reasonable expectations of the parties." *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 395 (7th Cir. 2003). *See also Beraha*, 956 F.2d at 1444 (*citing Dayan v. McDonald's Corp.*, 466 N.E.2d 958, 972 (Ill. App. 1984). Thus, a more common use of the duty is to check the exercise of a party's discretion under a contract. *Bane v. Ferguson*, 707 F. Supp. 988, 994 (N.D. Ill. 1989).

"'Good faith' is a compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved by the parties." *Kham & Nate's Shoes No. 2 v. First Bank*, 908 F.2d 1351, 1357 (7th Cir. 1990). It requires that a party vested with contractual discretion must exercise his discretion reasonably and may not do so arbitrarily or capriciously. *Foster Enterprises, Inc. v. Germania Federal Sav. & Loan Assoc.*, 97 Ill. App. 3d 22, 30, 1981 Ill. App. LEXIS 2754, *16-17 (June 4, 1981).[11] The dependent party, in turn, must rely on the party in control to exercise its

---

10. Illinois courts have declared that every contract implies good faith and fair dealing between its parties. *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992). However, the covenant is not an independent source of contractual duties; rather, it "guides the construction of explicit terms in the agreement." *Id.*

11. *See Wilson v. Career Educ. Corp.*, 729 F.3d 665, 675 (7th Cir. 2013) ("when one party's contractual obligation is 'contingent upon a condition particularly within the power of that party,' the controlling party's discretion in bringing about the condition is limited by the implied covenant of good faith.").

discretion fairly. *Dayan v. McDonald's Corporation*, 125 Ill. App. 3d 972, 990, 466 N.E.2d 958, 971, 81 Ill. Dec. 156, 169 (lst Dist. 1984). When a party fails to act in good faith, it acts in a manner inconsistent with the reasonable expectations of the parties. 125 Ill. App. 3d at 991.

Defendants argument for dismissing this claim boils down to one sentence: "Here, Plaintiffs does not identify any contractual term of any agreement granting Defendants with discretion." Defs Memo. P. 11. This willfully ignores specific allegations regarding the agreements at issue: (a) with respect to the <u>second document</u> [the "Assignment of Copyright (Musical Composition)"] dated December 30, 1986, Plaintiffs allege that "[i]n exchange for this purported mechanical license, Precision/Trax promised to pay Heard a fixed amount of $3,000 plus 15% 'based on the sale of these records.'" Complaint, ¶72; and (b) with respect to the <u>third</u> <u>document</u> [the "Assignment of Copyright (Musical Composition)" dated November 30, 1986], Plaintiffs allege that in exchange for this purported mechanical license, Precision/Trax promised to pay Heard a fixed amount of $3,000 plus 15% "based on the sale of these records." *Id.,* ¶73. Since the two documents are silent on the point of the manner and frequency of such royalty accountings, those duties were left to the reasonable discretion of Precision/Trax (and its successors) who was "granted implied, reasonable discretion as to when they should account and pay the royalties otherwise due and owing to Heard despite the contractual obligation to do so and have improperly exercised this discretion arbitrarily, capriciously and in bad faith by not accounting and paying anything to Heard" but abused that discretion by failing to ever account to or pay Plaintiffs. *Id.,* ¶¶89-91, 152-156.

Where, as here, a time for performance is not specified in a contract, a reasonable amount of time will be implied. *Prime Leasing, Inc. v. Vanderbilt University*, No. 90 C 6828, 1991 U.S. Dist. LEXIS 19650, *17 (N.D. Ill. Dec. 17, 1991) (*citing O'Brien v. Board of Education*, 70 Ill.

14

App. 3d 604, 388 N.E.2d 1104, 1106 (5th Dist. 1979)). *See Nelson v. Sotheby's, Inc*., 128 F. Supp. 2d 1172, 1176 (N.D. Ill. 2001) ("in Illinois, where a contract does not specify a time for performance of a particular obligation, a 'reasonable' time is implied").**12** The reasonableness of Defendants exercise of their discretion to pay Heard the $3,000 and royalties due under these three documents will be measured against their general accounting practices. Thus, Defendants alleged complete failure to make any payments for thirty-five years is an abuse of Defendants' discretion which supports Plaintiffs' claim for Breach of Warranty of Good Faith and Fair Dealing.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that the Court deny Defendants' motion to dismiss under Rule 12(b)(6) in its entirety or in individual parts and request any such further relief that the Court may deem just and proper.

Dated: February 26, 2021

| | |
|---|---|
| MELONI & McCAFFREY APC | LEVENFELD PEARLSTEIN, LLC |
| By: /s/Robert S. Meloni | Christopher M Heintskill |
|     Robert S. Meloni, *pro hac vice* pending | ARDC No. 6272391 |
|     Thomas P. McCaffrey, *pro hac vice* pending | 2 North LaSalle, 13th Floor |
| 3 Columbus Circle, 15th Floor | Chicago, IL 60602 |
| New York, New York 10019 | Tel: (312) 346-8380 |
| Tel: (212) 520-6090 | |
| | |
| *Attorneys for Plaintiffs* | *Attorneys for Plaintiffs* |

---

12. Otherwise, the promise would be indefinite, and the contract would lack consideration. *See Dasenbrock v. Interstate Restaurant Corp*., 7 Ill. App. 3d 295, 1972 Ill. App. LEXIS 2258 *11-12 (5th Dist. 1972) ("Words of promise do not constitute a promise if they make performance entirely optional with the purported promisor. Such words, often referred to as forming an illusory promise, do not constitute consideration for a return promise" citing Restatement, Contracts, Tent. Draft No. 2 sec. 78, comment d, p. 47 (1965).). If that were the case, then Defendants would have no contractual right to exploit even the four musical compositions under these three documents.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 26, 2021, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Richard P. Darke
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60601
(312) 499-6700
rpdarke@duanemorris.com

Dated: February 26, 2021

By: /s/ Robert S. Meloni