IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LARRY HEARD a/k/a "Mr. Fingers" and ROBERT OWEN,<br><br>        Plaintiffs,<br><br>v.<br><br>TRAX RECORDS, INC., PRECISION/TRAX RECORDS, *et al.*,<br><br>        Defendants. | Case No. 20-cv-03678<br><br>Honorable Sharon J. Coleman |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR FEDERAL RULE 9(b) AND 12(b)(6) PARTIAL MOTION TO DISMISS COUNTS I THROUGH III AND V THROUGH VIII OF PLAINTIFFS' AMENDED COMPLAINT**

**I.    INTRODUCTION**

The Court should grant Defendants' Motion and dismiss: (1) Counts I through III and V through VIII pursuant to Federal Rule 12(b)(6) for failure to state a cause of action; and (2) Counts I and VIII for the additional reason that the allegations for those counts do not satisfy the pleading requirements of Federal Rule 9(b). In response, the Plaintiffs fail to sufficiently counter Defendants' argument to avoid dismissal. For the reasons set forth herein, Defendants request that the Court grant Their Motion and dismiss Counts 1-3, 5-8 with prejudice.

**II.    ARGUMENT**

    **A.    The Court Should Dismiss Count I for Alleged Fraud on the Copyright Office**

Count I of the Complaint seeks a declaratory judgment to invalidate Trax Records' copyrights on the Compositions and Sound Recordings for alleged fraud on the copyright office by "Trax Records" when it applied for and received certificates of registration in 1986 and 1987. (Compl. ¶¶ 95-98.) The Court should dismiss Count I because (1) Plaintiffs have not sufficiently plead Count I with particularity as required by Federal Rule 9(b); and (2) Trax Records is entitled

to the rebuttable presumption of the validity of the copyrights identified by Plaintiffs in the Complaint. The facts -- accepting them as true as required on a 12(b)(6) motion -- do not overcome the presumption of validity because they do not identify a misrepresentation of *material fact*, but instead merely identify a legal opinion of the effect of the documents described in the Complaint by Plaintiffs.

### 1. Count I Has Not Been Stated With Particularity Required by Rule 9(b)

A claim for fraud on the copyright office must be stated with particularity under Federal Rule 9(b), which Plaintiffs have failed to do. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006); *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993) (fraud on the copyright office claims must meet the pleadings requirements of Federal Rule of Civil Procedure 9(b)). The allegations are not sufficient to meet the particularity requirements of Federal Rule 9(b). Plaintiffs' Amended Complaint did not cure the pleading deficiency, failing to: (a) allege sufficient facts to support the inclusion of Rachael Cain personally in the alleged fraud on the copyright office, asserting allegations regarding her alleged role in the purported fraud in the conjunctive with Larry Sherman or generally referring to Defendants as "Trax Records" (*Lincoln National Bank v. Lampe*, 414 F. Supp. 1270, 1279 (N.D. Ill. 1976)); and (b)alleged a misrepresentation of fact, resting the entire claim on legal conclusion regarding the proper interpretation of three of four documents identified in the Complaint but not attached (Compl. ¶¶ 70-74 (culminating with the conclusion that the agreements "do not contain any grant of copyright ownership or any assignment or transfer of any copyright ownership interests in the sound recordings . . . ." ); Compl. ¶¶ 74 (asserting additional legal conclusions regarding the effect of the agreements), ¶ 71 (same), ¶ 72 (same), ¶ 74 (same). Plaintiffs' allegations are not sufficient, particularly when, as in this case, the Complaint bases the fraud accusations on the legal effect of

a document that was admittedly entered into by Heard. (*Id*. ¶ ¶ 71-74 (admitting entering into four "documents" with Sherman and Trax).) Federal Rule 9(b) requires more.

### 2. The Court Should Dismiss Count I-III For Failure to State a Claim Under Rule 12(b)(6)

Plaintiffs' claim in Count I has failed to overcome the presumption of copyright invalidity, alleging nothing more than an alleged misunderstanding of the legal effect of the documents described in the Complaint, as opposed to stating a material misrepresentation of fact as required to state a claim. The Copyright Act provides that a certificate of a registration "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. §410(c); *Carol Barnhart Inc. v. Econ. Cover Corp.*, 773 F.2d 411, 414 (2d Cir. 1985) (*quoting* H.REP. NO. 1476, 94th Cong., 2d Sess. 157). To overcome that presumption, Plaintiffs allege that Trax Records falsely informed the copyright office that it owned the copyright pursuant to written agreement in when it completed the Trax Applications and Trax Applications SR for: *Washing Machine, Can You Feel It,* and *Beyond the Clouds*. (Compl. ¶ 78- 82.); *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir. 1989) ("Possession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable. 17 U.S.C. § 410(c) (1982)."). Plaintiffs must (but have failed) to sufficiently allege that Trax Records "knowingly ***misrepresented or omitted material facts*** on the registration application which might have occasioned a rejection of the application." *Beloit Corp. v. C3 Datatec*, Case No. 93-C-447, 1995 U.S. Dist. LEXIS 16685, at *27 (E.D. Wis. Aug. 23, 1995) (emphasis added). A claim alleging fraud on the Copyright Office is only available where the registrant is alleged to have made false representations of ***fact*** with the requisite intend to defraud. *Id.*

Here, the Plaintiffs admit entering into written agreements with Trax Records that transferred or assigned specific rights to the Sound Recordings and Compositions. Whether the

agreements assign or transfer rights in the Sound Recordings to Trax – which representations forms the basis of this claim -- constitutes an alleged ***misstatement of law***, not of statement of material fact, which is required to state a claim for fraud on the copyright office. *G&G Closed Circuit Events, LLC v. Castillo,* 327 F. Supp. 3d 1119, 1136 (N.D. Ill. 2018) ("It is well established ... that misrepresentations of the law are not actionable as fraud, including under the mail and wire fraud statutes, because statements of the law are considered merely opinions and may not be relied upon absent special circumstances." (quoting *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 940 (9th Cir. 2006)); *Vickers v. Henry County Savings & Loan Asso.*, 827 F.2d 228, 232 (7th Cir. 1987) (dismissing fraud claim because representations of the legal effect of a written agreement not actionable).

In response, the Plaintiffs cite to *Niccum v. Meyer (In re Mwyer)*, Case No. 97-2318, 1998 U.S. App. LEXIS 20886 (7th Circ. Aug. 21, 1998), for the proposition that "ownership is a pure question of fact" in support of the concept that Defendants' alleged statements were actionable statements of fact. (Resp. p. 8.) Not so. Plaintiffs' reliance on *Niccum* is seriously misleading. *Niccum* does not concern a claim for fraud on the Copyright Office claim. It does not concern copyright. It does not concern whether a statement is a legal or factual concept. The Court's reference to "ownership" being a pure question of fact in *Niccum* is entirely inapposite to any issue in this case. That case is not relevant. And it ignores the clear holding in *Vickers* that the representations regarding the legal effect of a document are misstatement of law (not fact) that are not actionable (*Vickers*, 827 F.2d at 232 (dismissing fraud claim because representations of the legal effect of a written agreement are not actionable), and the holding in *Castillo* that statements of law are merely opinions that are (again) not actionable as fraud (*Castillo*, 327 F. Supp. 3d 1119, 1136). Counts I through III must be dismissed for this reason alone.

4

### B. The Court Should Dismiss Plaintiffs' Breach of the Warranty of Good Faith and Fair Dealing Claim (Count V)

According to their Response, the Plaintiffs' claim for beach of the duty of good faith and fair dealing rests on the concept that the written agreements at issue do not identify the time within which royalties are required to be paid and therefore an implied obligation (i.e. "reasonable time" to pay royalties) is inferred under the subject agreements. In turn, that implied agreement must be exercised in good faith. In other words, Plaintiffs' claim seeks to hold Defendants liable for allegedly failing to carry out an implied obligation thereby breaching an implied term of the agreement to pay Plaintiffs their allegedly owed royalties. (Resp. p. 13-14.) Plaintiffs' argument misses the mark. Plaintiffs do not claim the Defendants had the "discretion" to pay or not pay thereby possibly triggering the duty of good faith; the timing of Defendants' payment obligations (whether a date certain or within a reasonable time) does not raise the duty of good faith. The case law cited by Plaintiffs does not provide otherwise. Moreover, and no matter how creative the argument, this Count is no different than Plaintiffs' breach of contract claim in Count IV. The Court should dismiss Count V.

### C. The Court Should Dismiss Count VIII For Alleged Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act

#### 1. Count VIII Does Not Satisfy Federal Rule 9(b) Pleadings Requirements

Count VIII does not satisfy the requirements of Rule 9(b). Claims under the Illinois Consumer Fraud Act ("Act") must be plead in accordance with the heightened pleading requirements of Rule 9(b). *See* Fed R. Civ. P. 9(b); *U.S. v. All Meat & Poultry Products Stored at Lagrou Cold Storage*, 470 F. Supp. 2d 823, 830 (N.D. Ill. 2007) (internal citations omitted). A "plaintiff bringing an Illinois consumer fraud claim must allege: (1) a deceptive act or practice by defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) that the deception occurred in the course of conduct involving trade and commerce. . . . In order to

5

adequately allege a deceptive act or practice, the plaintiff 'must allege who, what, when, where and how' the alleged fraud occurred." *All Meat & Poultry Products*, 470 F. Supp. 2d at 830 (internal citations omitted); *McKee v. Pope Ballard Shepard & Fowle, Ltd.*, 604 F. Supp. 927, 930 (N.D. Ill. 1985) ("Dozens of courts have attempted to prescribe the more detailed pleading requirements of Rule 9(b), but all have agreed that at the least, a plaintiff pleading fraud must "specify the time, place and contents of any alleged false representations, and the full nature of the transaction."), quoting *Lincoln National Bank v. Lampe*, 414 F. Supp. 1270, 1279 (N.D. Ill. 1976)).

Here, Count VIII of the Complaint consists almost entirely of legal conclusions, failing to identify the who, what, where, where and how that forms the basis of their claim. Indeed, Plaintiffs allege in a conclusory manner that "Defendants have committed deceptive acts or practices including . . .selling and distributing to the public . . . physical records and digital distribution. . . ." (Compl. ¶ 139.) These allegations provide none of the required detail to state a claim for fraud, such as identifying *specifically* who engaged in the what *specific* distribution, the manner of the distribution, when, where, to whom and through what methods. *McKee*, 604 F. Supp. at 930. Plaintiffs' Response does not sufficiently counter this argument, and for all practical purposes admits they failed to do so and never squarely addressing Defendants' argument. (Resp. 9-12.) For this reason alone, the Court should dismiss Count VIII.

### 2. Count VIII Does Not State a Claim Under the Act

The Court should also dismiss Count VIII for failure to state a claim. To state a cause of action for violation of the Act, Plaintiffs must allege:

> (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade or commerce; and (4) actual damage to the plaintiff (5) proximately caused by the deception. It is thus apparent that the elements of a fraud claim under the Consumer Fraud Act are the same as common law fraud, except that a plaintiff is not required to plead reliance.

*Kalpake v. Regas*, 2018 IL App (1st) 17-1282-U, ¶ 41 (citations omitted); *accord, e.g., Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 62; *See Cozzi Iron & Metal, Inc. v. U.S. Office Equip.*, 250 F.3d 570, 575-76 (7th Cir. 2001).

First, a claim under the Act must assert "(1) a deceptive act or practice by the defendant; (2) the *defendant's* intent *that the plaintiff rely on the deception*. . . . and (4) actual damage to the *plaintiff*. . . ." *Id*. (emphasis added). Here, Plaintiffs' claim must be dismissed because it is based on alleged representations *to the public at large*, and purports to address alleged harm to the public in general. Plaintiffs have not alleged any deceptive or false representations by Defendants that were directed at Plaintiffs. Nor have Plaintiffs alleged that they suffered harm or damage because of Defendants' allegedly deceptive representations to unknown third parties who make up the general population.

Second, even if the allegations somehow support a facially plausible claim under the Act (which they do not), they show that Plaintiffs do not have standing to assert the claim as alleged. *See, e.g., Pritikin v. Liberation Publications, Inc.*, 83 F. Supp. 2d 920, 924 (N.D. Ill. 1999). To have standing, a plaintiff must meet the constitutional requirements: "(1) the party must have personally suffered an actual or threatened injury caused by the defendant's illegal conduct; (2) the injury must be fairly traceable to the challenged conduct; and (3) the injury must be one that is likely to be redressed by a favorable decision." *Pritkin*, 83 F. Supp. 2d at 924.

Third, private plaintiffs' claims under the Act "must show that the consumer fraud proximately caused plaintiff[s'] injury." *E.g., Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 501 (1996) (citations omitted). Plaintiffs must therefore allege that they suffered damages "as a result" of Defendants' allegedly deceptive conduct, which requires plaintiffs to allege that they were "actually deceived." *See, e.g., De Bouse v. Bayer*, 235 Ill. 2d 544, 550, 559 (2009); *Avery v. State*

*Farm Mut. Ins. Co.*, 216 Ill. 2d 100, 199-200 (2005). Importantly, "those who 'knew the truth' do not have valid ICFA claims because they cannot claim to have been deceived." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (citation omitted); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 155 (Ill. 2002). Here, Plaintiffs allege that they knew they did not transfer the rights that are subject to Trax Records' copyright; if true, they have no claim.

Finally, even if Plaintiff had standing, the Plaintiffs' purported claim for an alleged violation of the Act is nothing more than a repackaged claim for breach of contract that forms the basis of Count IV of the Complaint thereby requiring its dismissal. "A claim under Illinois' consumer fraud act must be based on more than an allegation that a defendant failed to fulfill terms of a contract." *See Avery*, 216 Ill. 2d at 199-200 (stating that claims under the Illinois consumer fraud act must consist of something more than a breach of contract claim); *see also Petri v. Gatlin*, 997 F. Supp. 956, 968 (N.D. Ill. 1997) (distinguishing between a claim under the Illinois consumer fraud act and a claim for breach of contract). In addition, there are no allegations that Defendants distributed any of the Recordings along with an alleged representation to consumers of their ownership or control. Plaintiffs merely allege that Defendants sold and distributed the Recordings without the legal right to do so. Even if they true – as alleged and accepted as true solely for the purposes of hits Motion – that sale or distribution is nothing more than a claim for an alleged breach of contract. It is not actionable.

Plaintiffs' Response does not address these arguments, confusing the requirement s of direct harm with reputation and in appropriately directing the Court to meaningless allegations regarding the alleged popularity of Plaintiffs' music and quality of sound recordings. (Resp. 11-12.) That is not sufficient. The Court should dismiss Count VIII.

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss Count I through III and V through VIII and grant any additional relief the Court deems just.

DATED: March 12, 2021

                                        **RACHAEL CAIN, PRECISION/TRAX AND TRAX RECORDS INC.**

                                        BY: _____
                                                One of their Attorneys

Richard P. Darke
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60601
(312) 499-6700
rpdarke@duanemorris.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*/s/ Richard P. Darke*

Robert S. Meloni (*pro hac vice* forthcoming)
Thomas P. McCaffrey (*pro hac vice* forthcoming)
MELONI & McCAFFREY, a Professional Corporation
3 Columbus Circle – 15th Floor
New York, New York 10019
Tel: (212) 520-6090
rmeloni@m2lawgroup.com

Christopher M Heintskill (ARDC No. 6272391)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 346-8380
cheintskill@lplegal.com
*Appearing as Local Counsel for Plaintiffs*