MELONI & McCAFFREY APC
Robert S. Meloni, Esq. (*pro hac vice*)
Thomas P. McCaffrey, Esq. (*pro hac vice* forthcoming)
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel: (212) 520-6090
Email: rmeloni@m2lawgroup.com
      tmccaffrey@m2lawgroup.com

LEVENFELD PEARLSTEIN, LLC
Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 476-7547
Email: cheintskill@lplegal.com

*Attorneys for Plaintiffs Larry Heard and Robert Owen*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| LARRY HEARD, professionally known as "Mr. Fingers" and ROBERT OWENS,<br><br>Plaintiffs,<br><br>v.<br><br>TRAX RECORDS, INC., PRECISION/TRAX RECORDS, an entity of unknown legal origins, RACHEL SHERMAN née RACHAEL CAIN p/k/a SCREAMIN' RACHAEL, doing business as SCREAMING RACHAEL CAIN MUSIC and TRAX RECORDS, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 1:20-cv-03678<br><br><br><br>**DECLARATION OF ROBERT S. MELONI IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO PRODUCE DOCUMENTS AND FOR OTHER RELIEF** |

ROBERT S. MELONI declares under penalty of perjury as follows:

1. I am a member of Meloni & McCaffrey, a Professional Corporation, and counsel for Plaintiffs.

2. I respectfully submit this Declaration in support of the Plaintiffs' Motion to Compel Defendants to Produce Documents and for Other Relief.

3. As part of their document requests ("RFP"), Plaintiffs requested production from

Defendants of, *inter alia*, the following general categories of documents:

>RFP 4:   Documents pursuant to which Defendants exploited Musical Compositions.
>
>RFP 5: Documents pursuant to which Defendants exploited Sound Recordings.
>
>RFP 6:   Documents pursuant to which Defendants authorized any Person to exploit any Musical Compositions.
>
>RFP 7:  Documents pursuant to which Defendants authorized any Person to exploit any Sound Recordings.

In addition, Plaintiff requested production of the following specific documents:

>RFP 16: All agreements, licenses and documents, including all attachments and modifications, pursuant to which any Defendants, authorized and/or licensed third parties to use, publish or otherwise exploit the Musical Compositions, including without limitation, and such agreements with Casablanca Records.
>
>RFP 17:   All agreements, licenses and documents, including all attachments and modifications, pursuant to which any Defendants, authorized and/or licensed third parties to use, publish or otherwise exploit the Musical Compositions, including without limitation, and such agreements with Casablanca Records.
>
>RFP 18:   Documents sufficient to show the sale, licensing, distribution or other exploitation of the Musical Compositions by Casablanca Records and/or Casablanca Trax, Inc.
>
>RFP 19:   Documents sufficient to show the sale, licensing, distribution or other exploitation of the Sound Recordings by Demon Music Group.
>
>RFP 20:   Documents sufficient to show the sale, licensing, distribution or other exploitation of the Musical Compositions by Demon Music Group.
>
>RFP 21:  Documents sufficient to show the sale, licensing, distribution or other exploitation the Sound Recordings by any other Person.

*See* Plaintiffs' First Request for Documents dated January 29, 2021, ¶¶4-7, 16-21, attached hereto as **Exhibit A**.

4. Defendants served their written responses to Plaintiffs' documents requests and asserted boilerplate objections. *See* Defendants Response to Plaintiffs First Document Requests dated March 4, 2021, attached hereto as **Exhibit B**.

5. Plaintiffs sent Defendants a Rule 37 Letter dated March 16, 2021 ("First R37 Letter"). *See* the First R37 Letter attached hereto as **Exhibit C**.

6. In said First R37 Letter, Plaintiffs specifically challenged Defendants' responses to the aforementioned document requests.

In addition to boilerplate objections, the second troubling issue is Defendants' response to Requests Nos. 3–7 and 14-16. Defendants' response to Request No. 3 states:

> Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence.

Defendants' responses to Request Nos. 4-7, then repeat:

> Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence.

Similarly, Defendants' responses to Requests Nos. 14-16, with the addition of improperly incorporating the two pages of general objections, also state:

> Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence.

Not only do the responses to Requests Nos. 3-7 and 14-16 state only one objection to those document requests, but that one objection 'assumes facts not in evidence' is improper. *See Vickers v. JP Morgan Chase N.A.*, CIVIL NO. SA-12-CA-31-XR, 2013 U.S. Dist. LEXIS 208157, *26 (W.D. Tex. Feb. 22, 2013) ("Further, JPMC's objections, 'assumes facts not in evidence, and assumes that such recording is required,' do not appear to be sufficient to avoid providing a further response, as the purpose of discovery is to learn facts.")" *See* **Ex. C.**

7. Plaintiffs' First R37 Letter also challenged, *inter alia*, Defendants' written responses to Requests for Production ## 32 - 34, and 46 – 48. *See* **Ex. C**.

3

8. During a subsequent Rule 37 telephone conference between counsel, on April 9, 2021, the Plaintiffs agreed, *inter alia*, to hold their objections in abeyance until they had the opportunity to review the documents produced by Defendants and then revisit the discovery issues.

9. On July 21, 2021, Defendants produced 103 pages of documents. After reviewing those documents, Plaintiffs determined that most of the aforementioned requested documents were not produced.

10. On July 21, 2021, Defendants Trax Records, Inc. and Rachael Cain filed a Third-Party Plaintiffs' Complaint Against Casablanca Trax Inc. For A Declaratory Judgment and Other Relief (Dkt. No. 42) (hereinafter "TPC"). A copy of the TPC is attached hereto as **Exhibit D.**

11. In said TPC, Defendants make references to the existence of the following documents in allegations subject to Fed. R. Civ. P. 11:

   1. Trax Music Catalogue. (TPC, ¶5);
   2. Demon License Agreement. (*Id.* ¶6);
   3. 2012 Settlement Agreement (*Id.*, ¶8);
   4. 2002 Joint Venture Agreement (*Id.*, ¶16);
   5. 2004 Amendment to Joint Venture Agreement (*Id.*);
   6. 2005 Judgment (*Id.*, ¶17);
   7. 2006 Purchase of Master Recordings and Trax Music Catalogue under the UCC (*Id.*, ¶18); and
   8. 2007 Casablanca/Demon Music Group License Agreement (*Id.* ¶19).

12. These eight documents are directly responsive to one or more of the above-referenced document requests. The very fact that they are referred to in the TPC, is a concession of their relevance to the main action Plaintiffs have reviewed the documents produced thus far by Defendants and cannot locate any of the eight documents referred to in the TPC.

13. On August 19, 2021, Plaintiffs sent Defendants a second Rule 37 letter addressing these specific issues and raising these arguments ("Second R37 Letter"). A copy of the Second R37 Letter is attached hereto as **Exhibit E**.

14. Counsel for the parties did not have a telephone conference to discuss those issues but exchanged numerous detailed emails on August 19th and August 20th which addressed those issues in detail.

15. On August 19 and 20, 2021, counsel for the parties also exchanged the emails which addressed the draft Joint Status Report, scheduling of depositions and a last-ditch effort to resolve the deficiencies in Defendants' document production. A copy of the email exchanges dated August 19, 2021 between Robert S. Meloni and Richard P. Darke is attached hereto as **Exhibit F** and **Exhibit G**, respectively.

16. In those exchanges, Plaintiffs' counsel raised the unresolved issues and outstanding deficiencies previously raised in both the First and Second R37 Letters. *See* **Exs. F & G**.

17. Counsel for Defendants pointed out that two requested document were attached to the TPC: #2 and 8 (the 2007 Casablanca/Demon Music Group License Agreement) are the same document and attached as Exhibit 1 to the TPC. #3 (the 2012 Settlement Agreement) was attached as Exhibit 2 to the TPC. However, neither were produced as part of defendants' document production.

18. Moreover, the following issues relating to Plaintiffs' Requests to Produce ("RFP") which were raised in Plaintiffs' March 16, 2021 First R37 letter, and again in the email exchanges dated August 19, 2021, were not resolved:

1. RFPs 32, 33 and 34: call for Agreements between Screaming Rachel Cain Music and Ultra Music, and statements of account rendered by Ultra Music with respect to the songs at issue were not produced on relevancy grounds. These documents go to the issue of damages as Defendant Rachel Cain uses Ultra Music as her exclusive administrator for music publishing, including some of the songs at issue in this litigation. Further, defendants indicated they plan to subpoena Ultra Music, so it makes little sense to do that and still contend that Ultra Music's relationship with Cain is not relevant.

5

2. <u>RFP 46</u>: calls for "Documents that refer or relate to Ms. Cain's ownership interests in Trax Records, Inc., *and its predecessors in interest.*" Defendants' response to that RFP was "*Cain does not have an ownership interest in Trax Records, Inc*." However, that response sidesteps the issue concerning Trax Records, Inc.'s <u>predecessors-in-interest</u>, or Cain's possible prior interest in Trax <u>at an earlier time</u>, which she may have divested.

3. <u>RFP 47</u>: Calls for "All documents that refer or relate to the sale, assignment or transfer of any interests in Trax Records, Inc., and any assets of Trax Records, Inc., including but not limited to musical copyrights, trademarks, and physical assets, to Cain and/or the widow of Larry Sherman and/or the Estate of Larry Sherman." Defendants' response to this RFP again objects that the documents "are not relevant or proportional to the claims and defenses in this litigation," which objections are improper.

4. <u>RFP 48</u>: Calls for "All documents that refer or relate to any agreements between Cain, on the one hand, and the Widow of Larry Sherman, on the other hand, relating to any ownership interests in Trax Records, Inc. and/or any assets owned or formerly owned by Trax Records, Inc., including without limitation, any Sound Recordings and Musical Compositions." Defendants' response was "Subject to their objections and without waiving the same, *Defendants will produce relevant non-privileged documents responsive to this request and that concern the Musical Compositions and Sound Recordings.*" However, no such documents going to any agreements between Ms. Cain and former Trax founder Larry Sherman, or his Estate or its beneficiary, or any interests in the songs and masters at issue in this lawsuit that were assigned to Cain or her companies, were produced.

19. Finally, all other responses by Defendants are legally deficient and factually unsupported for the reasons stated in Exhibits C, E, F and G hereto.

20. The parties have reached a stand-off and Plaintiffs' counsel has no other recourse than to seek this Court's involvement in compelling Defendants to produce the requested documents.

Executed August 20, 2021 at New York, New York

_____
ROBERT S. MELONI

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed electronically on this August 20, 2021 and, as such, served on the following counsel of record via electronic service:

Richard P. Darke, Esq.
Rosanne Ciambrone, Esq.
Duane Morris LLP
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433

Dated:  August 20, 2021

    s/ Robert S. Meloni
       Robert S. Meloni