EXHIBIT A

MELONI & McCAFFREY APC
Robert S. Meloni, Esq. (*pro hac vice* forthcoming)
Thomas P. McCaffrey, Esq. (*pro hac vice* forthcoming)
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel: (212) 520-6090
Email: rmeloni@m2lawgroup.com
          tmccaffrey@m2lawgroup.com

LEVENFELD PEARLSTEIN, LLC
Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 476-7547
Email: cheintskill@lplegal.com

*Attorneys for Plaintiffs Larry Heard and Robert Owen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| LARRY HEARD, professionally known as "Mr. Fingers" and ROBERT OWENS, <br><br> Plaintiffs, <br> v. <br><br> TRAX RECORDS, INC., PRECISION/TRAX RECORDS, an entity of unknown legal origins, RACHEL SHERMAN née RACHAEL CAIN p/k/a SCREAMIN' RACHAEL, doing business as SCREAMING RACHAEL CAIN MUSIC and TRAX RECORDS, and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. 1:20-cv-03678 (SJC) <br><br> Honorable Sharon Johnson Coleman <br><br><br> **PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS** |

PLEASE TAKE NOTICE that pursuant to Rule 34 of the Federal Rules of Civil Procedure,

and the Local Rules of this Court, plaintiffs, Larry Heard ("Heard") and Robert Owens ("Owens")

(individually "Plaintiff" and collectively "Plaintiffs"), hereby demand that defendants Trax

Records, Inc., Precision/Trax Records, and Rachel Sherman ("Cain"), individually and d/b/a

Screamin' Rachael Cain Music and Trax Records, (individually, "Defendant" and collectively

"Defendants") produce documents in response to the requests set forth below, in accordance with

the instructions and definitions herein, at the offices of Meloni & McCaffrey, P.C., located at 3 Columbus Circle, 15th floor, New York, New York 10019, within thirty (30) days of service hereof.

<u>**Definitions and Instructions**</u>

1.      "Action" means the above-entitled action.

2.      "Complaint" means the Amended Complaint in the above-entitled action filed by Plaintiffs on December 8, 2020.

3.      "Heard" means Larry Heard.

4.      "Owens" means Robert Owens.

5.      "Plaintiffs" means Heard and Owens.

6.      "Sherman" means Larry Sherman.

7.      "Cain" means Rachel Cain, Rachel Sherman, and/or Rachel Sherman Cain, acting individually and/or doing business as Trax Records and/or Screamin' Rachel Cain Music.

8.      "Trax" means the corporation Trax Records, Inc. as well as its affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on its behalf, including, without limitation, the unincorporated entity known as Trax Records, the unincorporated entity known as Precision/Trax Records, the unincorporated entity known as Screamin' Rachel Music and/or the individual known as Cain.

9.      "Precision/Trax" means the unincorporated entity known as Precision/Trax Records, as well as its affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on its behalf, including, without limitation, the corporation known as "Trax Records, Inc., the unincorporated

2

entity known as Trax Records, the unincorporated entity known as Screamin' Rachel Cain Music and/or the individual known as Cain.

10.     "Screamin' Rachel" means the unincorporated entity known as Screamin' Rachel Music Records, as well as its affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on its behalf, including, without limitation, the corporation known as "Trax Records, Inc., the unincorporated entity known as Trax Records, the unincorporated entity known as Precision Trax Records and/or the individual known as Cain.

11.     "Defendants" means the above identified Cain, Trax, Precision/Trax and Screamin' Rachel, as well as their affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on their behalf.

12.     "Musical Compositions" means the musical compositions entitled *Can You Feel It?*, *Washing Machine*, *Beyond The Clouds, Bring Down The Walls*, *Distant Planet*, *Never More Lonely* and *Donnie*, including any derivative works based on or incorporating those musical compositions.

13.     "Sound Recordings" means the sound recordings entitled *Can You Feel It?*, *Washing Machine*, *Beyond The Clouds, Bring Down The Walls*, *Distant Planet*, *Never More Lonely* and *Donnie*, including any derivative works based on or incorporating those sound recordings.

14.     "Precision/Trax Documents" mean the three documents identified in paragraphs 70 through 72 of the Amended Complaint each entitled "Assignment of Copyright (Musical Composition)" that reference one or more of the Musical Compositions.

15.     "Person(s)" includes an individual, a corporation, a partnership or joint venture or other entity.

16.     "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present and last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

17.     "Identify" (with respect to documents) means to give, to the extent known, the (i) type of document, (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

18.     "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

19.     If any interrogatory cannot be answered in whole or in part, it shall be answered to the extent possible, with an explanation as to why full compliance is not possible.

20.     "Document" shall have the broadest meaning defined by Fed. R. Civ. P. 34(a) and applicable case law, and shall include, without limitation, anything on or in which any information is fixed and can be perceived, reproduced or otherwise communicated, with or without the aid of any machine or device, and regardless of the medium of expression in which the information is fixed (e.g., print, video, audio or other medium of expression), including but not limited to: contracts, agreements, papers, photographs, tape recordings, transcripts, checks, checkbooks, check stubs, check statements, bank statements, deposit slips, journals, general and subsidiary ledgers, worksheets, accounts, bills, promissory notes, invoices, punch cards, purchase orders,

acknowledgments, authorizations, sales slips, receipts, shipping papers, letters or other forms of correspondence, telex, TWX and other teletype communications, facsimile, electronic mail, computer printouts, any other printout sheets, movie film, slides, microfilm, memoranda, reports, studies, summaries, minutes, minute books, circulars, notes (whether typewritten, handwritten or otherwise), agenda, bulletins, notices, announcements, proofs, sheets, instructions, charts, tables, manuals, brochures, magazines, pamphlets, lists, visitors' logs, schedules, price lists, telegrams, engineering and/or architectural drawings, other drawings, sketches, plans, blueprints, specifications, diagrams, drafts, books and records, desk calendars, notebooks, diaries, registers, appointment books, budgets, analyses, projections, minutes of meetings, conferences or discussions of any kind, tax returns, and other data compilations from which information can be obtained or translated.

21.    Documents are to be produced in a way that identifies the request or requests to which each document applies, or as they are maintained in the usual course of business.

22.    The terms "document" includes any copy or copies of any of the foregoing on which any mark, alteration or additional writing or other change from the original, or from any other copy, has been made; and it includes any and all documents in your possession or any other person acting on your behalf.

23.    If any responsive document has been lost, destroyed, or otherwise disposed of, such document is to be identified as completely as possible, including the following information: (i) contents; (ii) author(s); (iii) recipient(s); (iv) sender(s); (v) copied recipients (indicated or blind); (vi) date prepared or received; (vii) date of disposal; (viii) manner of disposition; (ix) persons currently in possession of the document; and (x) person(s) disposing of the document.

24.     Where a claim of privilege is asserted in objecting to any means of discovery or disclosure, and an answer is not provided on the basis of such assertion, the attorney asserting the privilege shall identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked, and the following information shall be provided in writing in the objection:

 (A) For documents:  (i) the type of document, e.g., letter or memorandum;   (ii) the general subject matter of the document;   (iii) the date of the document;   and (iv) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

(B) For oral communications:  (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication;  (ii) the date and place of communication; and (iii) the general subject matter of the communication.

25.     The term "including" shall mean including but not limited to.

26.     The terms "concerning," "relating to," and "referring to" shall be construed to mean discussing, describing, pertaining to, referring to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in conjunction with, evidencing, setting forth, considering, recommending, or constituting, in whole or in part.

27.     "All" and "each" shall be construed as all and each.

28.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

29.     The use of the singular form of any word includes the plural and vice versa.

30.     Each request shall be construed to impose upon You the continuing duty to supplement or correct each response, in accordance with Federal Rules of Civil Procedure 26(e) and the Local Rules of this Court, in the event that information bearing upon the request is subsequently discovered.

31.     The originals of all documents produced in copy form shall be made available for inspection upon reasonable request.

32.     Unless otherwise specifically addressed in an interrogatory, the governing time-frame for these interrogatories is January 1, 1985 thought the present.

## DOCUMENT REQUESTS

1.     All communications between any Defendant and any Person(s) concerning the interpretation of Defendants rights and/or obligations under the Precision/Trax Documents.

2.     Documents sufficient to establish the legal right of any Defendant in and to each and every one of the Musical Compositions,  including, without limitation, (i) the right to license the Musical Compositions to third parties, (ii) the right to publish, sell or otherwise exploit the Musical Compositions in any media and formats; and (iii) the right to claim ownership and/or copyright interests in and to any Musical Compositions.

3.     Documents sufficient to establish the legal right of any Defendant in and to each and every one of the Sound Recordings,  including, without limitation, (i) the right to license the Sound

Recordings to third parties, (ii) the right to publish, sell or otherwise exploit the Sound Recordings in any media and formats; and (iii) the right to claim ownership and/or copyright interests in and to Sound Recordings.

4.     Documents pursuant to which Defendants exploited Musical Compositions.

5.     Documents pursuant to which Defendants exploited Sound Recordings.

6.     Documents pursuant to which Defendants authorized any Person to exploit any Musical Compositions.

7.     Documents pursuant to which Defendants authorized any Person to exploit any Sound Recordings.

8.     Documents sufficient to establish the gross revenues generated by Defendants, individually or collectively, or on their behalf, relating to the licensing and/or other exploitation of the Musical Compositions from January 1, 1986 through the present.

9.     Documents sufficient to establish the gross revenues generated by Defendants, individually or collectively, or on their behalf, relating to the licensing and/or other exploitation of the Sound Recordings from January 1, 1986 through the present.

10.     Documents sufficient to identify the expenses incurred by Defendants, individually or collectively,  in connection with the sale, license, publication and/or other exploitation of the Musical Compositions from January 1, 1986 through the present.

11.     Documents sufficient to identify the expenses incurred by Defendants, individually or collectively,  in connection with the sale, license, publication and/or other exploitation of the Sound Recordings from January 1, 1986 through the present.

12.     Documents sufficient to establish all payments or other forms of consideration paid or credited to Rachel Cain individually relating to the licensing and/or other exploitation of the Musical Compositions from January 1, 1986 through the present.

13.     Documents sufficient to establish all payments or other forms of consideration paid or credited to Rachel Cain individually relating to the licensing and/or other exploitation of the Sound Recordings from January 1, 1986 through the present.

14.     All agreements, licenses and documents, including all attachments and modifications which reflect your contention, if any, that Defendants, or any of them, has the right to use, publish or otherwise exploit the Musical Compositions.

15.     All agreements, licenses and documents, including all attachments and modifications which reflect your contention, if any, that Defendants, or any of them, has the right to use, publish or otherwise exploit the Sound Recordings.

16.     All agreements, licenses and documents, including all attachments and modifications, pursuant to which any Defendants, authorized and/or licensed third parties to use, publish or otherwise exploit the Musical Compositions, including without limitation, and such agreements with Casablanca Records.

17.     All agreements, licenses and documents, including all attachments and modifications, pursuant to which any Defendants, authorized and/or licensed third parties to use, publish or otherwise exploit the Musical Compositions, including without limitation, and such agreements with Casablanca Records.

18.     Documents sufficient to show the sale, licensing, distribution or other exploitation of the Musical Compositions by Casablanca Records and/or Casablanca Trax, Inc.

19.     Documents sufficient to show the sale, licensing, distribution or other exploitation of the Sound Recordings by Demon Music Group.

20.     Documents sufficient to show the s sale, licensing, distribution or other exploitation of the Musical Compositions by Demon Music Group.

21.     Documents sufficient to show the sale, licensing, distribution or other exploitation the Sound Recordings by any other Person.

22.     Each royalty statement any Defendant has rendered Heard since 1986 relating to the Musical Compositions.

23.     Each royalty statement any Defendant has rendered Heard since 1986 relating to the Sound Recordings.

24.     Each royalty statement any Defendant has rendered Owens since 1986 relating to the Musical Compositions.

25.     Each royalty statement any Defendant has rendered Owens since 1986 relating to the Sound Recordings.

26.     Documents sufficient to show any payments made by any Defendant to Heard relating to the Musical Compositions.

27.     Documents sufficient to show any payments made by any Defendant to Heard relating to the Sound Recordings.

28.     Documents sufficient to show any payments made by any Defendant to Owens relating to the Musical Compositions.

29.     Documents sufficient to show any payments made by any Defendant to Owens relating to the Sound Recordings.

30.     Documents sufficient to show any payments made by any Defendant to any Person other than Heard and Owens which relate or refer to any Sound Recordings.

31.     Documents sufficient to show any payments made by any Defendant to any Person other than Heard and Owens which relate or refer to any Musical Compositions.

32.     All agreements with between Cain, individually or through Screaming Rachel Cain Music and Ultra Music which relate or refer to any Musical Compositions.

33.     All agreements with between Cain, individually or through Screaming Rachel Cain Music and Ultra Music which relate or refer to any Sound Recordings.

34.     Each statement of account rendered by Ultra Music to Cain, individually or through Screaming Rachel Cain Music, which relate or refer to any Musical Compositions or Sound Recordings.

35.     Each agreement with a Performance Rights Organization ("PRO")  (including, without limitation, ASCAP, BMI and SESAC) that governed public performance income generated by any Musical Compositions.

36.     Each royalty statement Defendants, or either of them, received from a PRO concerning their respective collection of public performance income generated by any Musical Compositions.

37.     All documents filed or exchanged by any party in the lawsuit entitled CASABLANCA TRAX INC v. TRAX RECORDS INC., in the state court of Illinois, No.  1-06-

2194, including, without limitation, the Joint Venture Agreement entered into on December 17, 2002, as modified in March 2004 ("Casablanca JVA").

38.     Documents sufficient to establish any income or other forms of consideration Defendants received for the exploitation of Musical Compositions pursuant to the Casablanca JVA.

39.     Documents sufficient to establish any income or other forms of consideration Defendants received for the exploitation of Sound Recordings pursuant to the Casablanca JVA.

40.     Copies of all statement of account rendered to Defendants, or any of them, from Casablanca Trax Inc. pursuant to the Casablanca JVA.

41.     All Agreements that govern the exploitation of Musical Compositions and/or Sound Recordings through any digital service providers, digital retailers and/or streaming services, including, without limitation, any and all agreements between Defendants and/or Apple Music, Spotify, Pandora, Tidal, Indagio, LiveXLive, Primephonic, SiriusXM, and Amazon Music (collectively, "Digital Services").

42.     Documents sufficient to establish all royalties Defendants collected from all sources for the exploitation of Musical Compositions, including from Digital Services.

43.     Documents sufficient to establish all royalties from all sources Defendants paid to Heard generated by the exploitation of Musical Compositions and/or Sound Recordings.

44.     Documents sufficient to establish all royalties from all sources Defendants paid to Owens generated by the exploitation of Musical Compositions and/or Sound Recordings.

45.     All documents submitted to the office of the Registrar of Copyrights with respect to the application for registration of any copyright for each one of Musical Compositions.

46.     All documents received from the office of the Registrar of Copyrights with respect to the application for registration of copyright for each one of Sound Recordings.

47.     All documents that refer or relate to Cain's ownership interests in Trax Records, Inc. and its predecessors in interest.

48.     All documents that refer or relate to the sale, assignment or transfer of any interests in Trax Records, Inc., and any assets of Trax Records, Inc., including but not limited to musical copyrights, trademarks, and physical assets, to Cain and/or the widow of Larry Sherman and/or the Estate of Larry Sherman.

49.     All documents that refer or relate to any agreements between Cain, on the one hand, and the Widow of Larry Sherman, on the other hand, relating to any ownership interests in Trax Records, Inc. and/or any assets owned or formerly owned by Trax Records, Inc., including without limitation, any Sound Recordings and Musical Compositions.

50.     All documents that support the contention by Cain "DBA Phuture Trax Records" that she was, and is now, the lawful owner of the trademark TRAX RECORDS issued U.S. Registration Nos. 3,466,156.

51.     All documents that support the contention by Cain "DBA Phuture Trax Records" that she was, and is now, the lawful owner of the trademark TRAX RECORDS issued U.S. Registration No. 3,466,459.

52.     All documents that support Cain's contention that she was the first Person to use the trademark TRAX RECORDS in interstate commerce in connection with "musical sound recordings" commencing as of August 8, 1988, as stated in U.S. Registration No. 3,466,156.

53.     All documents that support Cain's contention that she was the first Person to use the trademark TRAX RECORDS in interstate commerce in connection with "audio and video recordings featuring music and documentaries, dramas, comedies, and cartoons, based on the inspiration, and unity, created by dance, and the unique sound and unity among people of all nations through a house music sound" commencing as of August 2, 1985, as stated in U.S. Registration No. 3,466,459.

54.     All documents and/or communications that Defendants relied upon in drafting their respective answers to Plaintiff's' First Set of Interrogatories.

55.     All documents and/or communications that Defendants relied upon in answering Plaintiffs' First Set of Interrogatories.

56.     All documents and/or communications that Defendants intend to rely upon at trial.

Dated: January 29, 2021

<div style="margin-left: 3em;">

MELONI & McCAFFREY APC
By: /s/Robert S. Meloni
    Robert S. Meloni, *pro hac vice* forthcoming
    Thomas P. McCaffrey, *pro hac vice* forthcoming
3 Columbus Circle – 15th Floor
New York, New York 10019
Tel:  (212) 520-6090

LEVENFELD PEARLSTEIN, LLC
By: /s/ Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 346-8380

*Attorneys for Plaintiffs Larry Heard and Robert Owens*

</div>

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was filed electronically on

this January 29, 2021 and, as such, served on the following counsel of record via electronic service:

    Richard P. Darke, Esq.
    Rosanne Ciambrone, Esq.
    Duane Morris LLP
    190 South LaSalle Street, Suite 3700
    Chicago, IL 60603-3433

Dated:  January 29, 2021

    <u>s/ Robert S. Meloni</u>
      Robert S. Meloni

MELONI & McCAFFREY, A PROFESSIONAL CORPORATION
Robert S. Meloni, Esq. (*pro hac vice* forthcoming)
Thomas P. McCaffrey, Esq. (*pro hac vice* forthcoming)
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel: (212) 520-6090
Email: rmeloni@m2lawgroup.com
        tmccaffrey@m2lawgroup.com

LEVENFELD PEARLSTEIN, LLC
Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 476-7547
Email: cheintskill@lplegal.com

*Attorneys for Plaintiffs Larry Heard and Robert Owen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| LARRY HEARD, professionally known as "Mr. Fingers" and ROBERT OWENS, <br><br> Plaintiffs, <br><br> v. <br><br> TRAX RECORDS, INC., PRECISION/TRAX RECORDS, an entity of unknown legal origins, RACHEL SHERMAN née RACHAEL CAIN p/k/a SCREAMIN' RACHAEL, doing business as SCREAMING RACHAEL CAIN MUSIC and TRAX RECORDS, and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. 1:20-cv-03678 (SJC) <br><br> Honorable Sharon Johnson Coleman <br><br><br> **PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

PLEASE TAKE NOTICE that pursuant to Rule 33 of the Federal Rules of Civil Procedure,

and the Local Rules of this Court, plaintiffs, Larry Heard ("Heard") and Robert Owens ("Owens")

(individually "Plaintiff" and collectively "Plaintiffs"), hereby demand that defendants Trax

Records, Inc., Precision/Trax Records, and Rachel Sherman ("Cain"), individually and d/b/a

Screamin' Rachael Cain Music and Trax Records, (individually, "Defendant" and collectively

"Defendants") serve answers to the Interrogatories set forth below, in accordance with the

instructions and definitions herein, at the offices of Meloni & McCaffrey, P.C., located at 3 Columbus Circle, 15th floor, New York, New York 10019, within thirty (30) days of service hereof.

## Definitions and Instructions

1.  "Action" means the above-entitled action.

2.  "Complaint" means the Amended Complaint in the above-entitled action filed by Plaintiffs on December 8, 2020.

3.  "Heard" means Larry Heard.

4.  "Owens" means Robert Owens.

5.  "Plaintiffs" means Heard and Owens.

6.  "Sherman" means Larry Sherman.

7.  "Cain" means Rachel Cain, Rachel Sherman, and/or Rachel Sherman Cain, acting individually and/or doing business as Trax Records and/or Screamin' Rachel Cain Music.

8.  "Trax" means the corporation Trax Records, Inc. as well as its affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on its behalf, including, without limitation, the unincorporated entity known as Trax Records, the unincorporated entity known as Precision/Trax Records, the unincorporated entity known as Screamin' Rachel Music and/or  the individual known as Cain.

9.  "Precision/Trax" means the unincorporated entity known as Precision/Trax Records, as well as its affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on its behalf, including, without limitation, the corporation known as "Trax Records, Inc., the unincorporated

entity known as Trax Records, the unincorporated entity known as Screamin' Rachel Cain Music and/or the individual known as Cain.

10.     "Screamin' Rachel" means the unincorporated entity known as Screamin' Rachel Music Records, as well as its affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on its behalf, including, without limitation, the corporation known as "Trax Records, Inc., the unincorporated entity known as Trax Records, the unincorporated entity known as Precision Trax Records and/or the individual known as Cain.

11.     "Defendants" means the above identified Cain, Trax, Precision/Trax and Screamin' Rachel, as well as their affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on their behalf.

12.     "Musical Compositions" means the musical compositions entitled *Can You Feel It?*, *Washing Machine*, *Beyond The Clouds, Bring Down The Walls*, *Distant Planet*, *Never More Lonely* and *Donnie*, including any derivative works based on or incorporating those musical compositions.

13.     "Sound Recordings" means the sound recordings entitled *Can You Feel It?*, *Washing Machine*, *Beyond The Clouds, Bring Down The Walls*, *Distant Planet*, *Never More Lonely* and *Donnie*, including any derivative works based on or incorporating those sound recordings.

14.     "Precision/Trax Documents" mean the three documents identified in paragraphs 70 through 72 of the Amended Complaint each entitled "Assignment of Copyright (Musical Composition)" that reference one or more of the Musical Compositions.

15.     "Person(s)" includes an individual, a corporation, a partnership or joint venture or other entity.

16.     "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present and last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

17.     "Identify" (with respect to documents) means to give, to the extent known, the (i) type of document, (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

18.     "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

19.     If any interrogatory cannot be answered in whole or in part, it shall be answered to the extent possible, with an explanation as to why full compliance is not possible.

20.     Documents that are produced in lieu of a response to an interrogatory are to be produced in a way that identifies the interrogatory or interrogatories to which each document applies, or as they are maintained in the usual course of business.

21.     If the information necessary to answer any interrogatory is contained in a document which is no longer in your possession, custody, or control because of destruction, loss or any other reason, then as to each document: (i) describe the nature of the document; (ii) state the date of the document; (iii) identify the persons who sent and received the original and copies of the document;

(iv) state in as much detail as possible the contents of the document; and (v) state the manner and date of disposition of the document.

22.     In the event that any interrogatory is objected to on the grounds of any claim of privilege or on the basis that it is subject to any other protections from disclosure, the objection shall be made in writing and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable Plaintiff to contest such claim of privilege or protection.  Any ground not stated in the objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

23.     The term "including" shall mean including but not limited to.

24.     The terms "concerning," "relating to," and "referring to" shall be construed to mean discussing, describing, pertaining to, referring to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in conjunction with, evidencing, setting forth, considering, recommending, or constituting, in whole or in part.

25.     "All" and "each" shall be construed as all and each.

26.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

27.     The use of the singular form of any word includes the plural and vice versa.

28.     Unless otherwise specifically addressed in an interrogatory, the governing time-frame for these interrogatories is January 1, 1985 thought the present.

29.     Each interrogatory shall be construed to impose upon you the continuing duty to supplement or correct each response, in accordance with the Federal Rules of Civil Procedure 26(e) and any applicable Local Rules of the Court.

## **INTERROGATORIES**

1.     Identify all Person(s), other than present litigation counsel, with knowledge or information concerning the truth and/or falsity of any of the allegations asserted in the Complaint.

2.     Identify the widow of Larry Sherman.

3.     Identify all Person(s), other than present litigation counsel, with knowledge or information concerning the truth and/or falsity of any factual allegation asserted on behalf of Defendants in any pleading and/or motion filed in response to the Complaint.

4.     Identify all Person(s), other than present litigation counsel, with whom Defendants conferred or discussed its rights and/or obligations under the Precision/Trax Documents prior to the filing of the Complaint.

5.     Identify all Person(s), other than present litigation counsel, with whom Cain conferred or discussed its rights and/or obligations under the Precision/Trax Documents after the filing of the Complaint.

6.     Identify all communications between Cain and any Person(s) concerning the interpretation of Defendants rights and/or obligations under the Precision/Trax Documents.

7.     Identify all Person(s), other than present litigation counsel, with whom Cain reviewed any and all accountings or royalty statements Defendants provided to Heard and/or Owens pursuant to the Precision/Trax Documents.

8.      Identify all Agreements pursuant to which Defendants asserted any and all rights to exploit Musical Compositions.

9.      Identify all Agreements pursuant to which Defendants asserted any and all rights to exploit Sound Recordings.

10.     Identify all Agreements pursuant to which Defendants exploited Musical Compositions.

11.     Identify all Agreements pursuant to which Defendants exploited Sound Recordings.

12.     Identify all Agreements that Defendants contend assign the copyrights interests in the Musical Compositions and for each of those Agreements identify the language that assigns the copyright interests and identify each song that is governed by those Agreements.

13.     Identify all Agreements that Defendants contend assign the copyrights interests in the Sound Recordings and for each of those Agreements identify the language that assigns the copyright interests and identify each song that is governed by those Agreements.

14.     Identify each royalty statement of account Defendants provided Heard since Defendants began exploiting the Musical Compositions.

15.     Identify each royalty statement of account Defendants provided Heard since Defendants began exploiting the Sound Recordings.

16.     Identify each royalty statement of account Defendants provided Owens since Defendants began exploiting the Musical Compositions.

17.     Identify each royalty statement of account Defendants provided Owens since Defendants began exploiting the Sound Recordings.

18.     Identify each royalty statement of account Defendants provided to any Person other than Heard or Owens since Defendants began exploiting the Musical Compositions.

19.     Identify each royalty statement of account Defendants provided to any Person other than Heard or Owens since Defendants began exploiting the Sound Recordings.

20.     Identify each third-party agreement between any of the Defendants and any third-party which governed the exploitation of Musical Compositions.

21.     Identify each third-party agreement between any of the Defendants and any third-party which governed the exploitation of Sound Recordings.

22.     Identify each agreement with a Performance Rights Organization ("PRO") (including, without limitation, ASCAP, BMI and SESAC) that governed public performance income generated by Musical Compositions.

23.     Identify each royalty statement Defendants received from a PRO concerning their respective collection of public performance income generated by Musical Compositions.

24.     Identify all documents filed by or exchanged between any party to the lawsuit entitled CASABLANCA TRAX INC v. TRAX RECORDS INC., in the state court of Illinois, No. 1-06-2194, including, without limitation, the Joint Venture Agreement entered into on December 17, 2002, as modified in March 2004 ("Casablanca JVA").

25.     Identify documents sufficient to establish what monies or other forms of consideration Defendants received for the exploitation of Musical Compositions  pursuant to the Casablanca JVA.

26.     Identify documents sufficient to establish what monies or other forms of consideration Defendants received for the exploitation of Sound Recordings  pursuant to the Casablanca JVA.

27.     Identify any statements of account Defendants received from Casablanca Trax Inc., pursuant to the Casablanca JVA.

28.     Identify all Agreements that govern the exploitation of Musical Compositions through streaming services, including, without limitation, any and all agreements between Defendants and/or Apple Music, Spotify, Pandora, Tidal, Indagio, LiveXLive, Primephonic, SiriusXM, and Amazon Music.

29.     Identify documents sufficient to establish all royalties or other revenues Defendants collected by any Defendant derived from any sources derived from the exploitation of Musical Compositions.

30.     Identify documents sufficient to establish all royalties or other revenues derived from all sources Defendants paid to Heard generated by the exploitation of Sound Recordings.

31.     Identify documents sufficient to establish all royalties or other revenues from all sources Defendants paid to Owens generated by the exploitation of Musical Compositions.

32.     Identify documents sufficient to establish all royalties or other revenues from all sources Defendants paid to Owens generated by the exploitation of Sound Recordings.

33.     Identify all documents submitted by any Defendant, or a predecessor in interest of any Defendant, to the office of the Registrar of Copyrights with respect to the applications for registration of copyrights for any Musical Compositions.

34.     Identify all documents submitted by any Defendant, or a predecessor in interest of any Defendant, to the office of the Registrar of Copyrights with respect to the applications for registration of copyrights for any Sound Recordings.

35.     Identify all documents received from the office of the Registrar of Copyrights with respect to the application for registration of copyright for each one of Musical Compositions and any Sound Recordings.

36.     Identify all documents that refer or relate to Cain's ownership interests in Precision/Trax, Trax Records, Ltd. and/or Trax Records, Inc., or any of their predecessor companies.

37.     Identify all documents that refer or relate to Cain's ownership interest in any musical copyrights in and to any Musical Compositions and any Sound Recordings now owned, in whole or in part, or formerly owned of the Defendant companies.

38.     Describe in detail each and every obligation Defendants, collectively or individually, have to Plaintiffs under the Precision/Trax Documents.

39.     Identify any expert that You have contacted with respect to this Action.

40.     Identify all documents and/or communications that Defendants relied upon in drafting their respective answers to Plaintiff's' First Set of Interrogatories.

41.     Identify each person assisting in the preparation of the responses to the Plaintiff's First Request for Production of Documents.

42.     Identify all documents and/or communications that Defendants relied upon in answering Plaintiffs' First Set of Interrogatories.

43.     Identify each person assisting in the preparation of the responses to Plaintiffs First Request For Admissions.

44.     Identify all documents and/or communications that Defendants intend to rely upon at trial.

45.     Identify each person and/or entity, not otherwise identified above, with whom You have communicated concerning the subject matter of this action.

Dated: January 29, 2021

MELONI & McCAFFREY APC
By: /s/Robert S. Meloni
        Robert S. Meloni, *pro hac vice* forthcoming
        Thomas P. McCaffrey, *pro hac vice* forthcoming
3 Columbus Circle – 15th Floor
New York, New York 10019
Tel:  (212) 520-6090

LEVENFELD PEARLSTEIN, LLC
By: /s/ Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 346-8380

*Attorneys for Plaintiffs Larry Heard and Robert Owens*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was filed electronically on

this January 29, 2021 and, as such, served on the following counsel of record via electronic service:

> Richard P. Darke, Esq.
> Rosanne Ciambrone, Esq.
> Duane Morris LLP
> 190 South LaSalle Street, Suite 3700
> Chicago, IL 60603-3433

Dated:  January 29, 2021

> <u>s/ Robert S. Meloni</u>
>   Robert S. Meloni

MELONI & McCAFFREY, A PROFESSIONAL CORPORATION
Robert S. Meloni, Esq. (*pro hac vice* forthcoming)
Thomas P. McCaffrey, Esq. (*pro hac vice* forthcoming)
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel: (212) 520-6090
Email: rmeloni@m2lawgroup.com
       tmccaffrey@m2lawgroup.com

LEVENFELD PEARLSTEIN, LLC
Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 476-7547
Email: cheintskill@lplegal.com

*Attorneys for Plaintiffs Larry Heard and Robert Owen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| LARRY HEARD, professionally known as "Mr. Fingers" and ROBERT OWENS, <br><br> Plaintiffs, <br><br>     v. <br><br> TRAX RECORDS, INC., PRECISION/TRAX RECORDS, an entity of unknown legal origins, RACHEL SHERMAN née RACHAEL CAIN p/k/a SCREAMIN' RACHAEL, doing business as SCREAMING RACHAEL CAIN MUSIC and TRAX RECORDS, and JOHN DOES 1-10, <br><br>     Defendants. | Civil Action No. 1:20-cv-03678 (SJC) <br><br> Honorable Sharon Johnson Coleman <br><br><br> **PLAINTIFFS' FIRST REQUESTS FOR ADMISSION** |

PLEASE TAKE NOTICE that pursuant to Rule 36 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, plaintiffs, Larry Heard ("Heard") and Robert Owens ("Owens") (individually "Plaintiff" and collectively "Plaintiffs"), hereby demand that defendants Trax Records, Inc., Precision/Trax Records, and Rachel Sherman ("Cain"), individually and d/b/a Screamin' Rachael Cain Music and Trax Records, (individually, "Defendant" and collectively "Defendants") respond to the following requests for admission set forth below, in accordance with

the definitions and instructions herein, at the offices of Meloni & McCaffrey, P.C., located at 3 Columbus Circle, 15th floor, New York, New York 10019, within thirty (30) days of service hereof.

## **Definitions and Instructions**

1.      "Action" means the above-entitled action.

2.      "Complaint" means the Amended Complaint in the above-entitled action filed by Plaintiffs on December 8, 2020.

3.      "Heard" means Larry Heard.

4.      "Owens" means Robert Owens.

5.      "Plaintiffs" means Heard and Owens, individually and jointly.

6.      "Sherman" means Larry Sherman.

7.      "Cain" means Rachel Cain, Rachel Sherman, and/or Rachel Sherman Cain, acting individually and/or doing business as Trax Records and/or Screamin' Rachel Cain Music.

8.      "Trax" means the corporation Trax Records, Inc. as well as its affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on its behalf, including, without limitation, the unincorporated entity known as Trax Records, the unincorporated entity known as Precision/Trax Records, the unincorporated entity known as Screamin' Rachel Music and/or the individual known as Cain.

9.      "Precision/Trax" means the unincorporated entity known as Precision/Trax Records, as well as its affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on its behalf, including, without limitation, the corporation known as "Trax Records, Inc., the unincorporated

entity known as Trax Records, the unincorporated entity known as Screamin' Rachel Cain Music and/or the individual  known as Cain.

10.     "Screamin' Rachel" means the unincorporated entity known as Screamin' Rachel Music Records, as well as its affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on its behalf, including, without limitation, the corporation known as "Trax Records, Inc., the unincorporated entity known as Trax Records, the unincorporated entity known as Precision Trax Records and/or the individual  known as Cain.

11.     "Defendants" means the above identified Cain, Trax, Precision/Trax and Screamin' Rachel, as well as their affiliated business entities, employees, agents, attorneys, consultants, advisors, managers, producers and all other persons acting or purporting to act on their behalf.

12.     "Musical Compositions" means the musical compositions  entitled *Can You Feel It?*, *Washing Machine*, *Beyond The Clouds, Bring Down The Walls*, *Distant Planet*, *Never More Lonely* and *Donnie*, including any derivative works based on or incorporating those musical compositions.

13.     "Sound Recordings" means the sound recordings entitled *Can You Feel It?*, *Washing Machine*, *Beyond The Clouds, Bring Down The Walls*, *Distant Planet*, *Never More Lonely* and *Donnie*, including any derivative works based on or incorporating those sound recordings.

14.     "Precision/Trax Documents" mean the three documents identified in paragraphs 70 through 72 of the Amended Complaint each entitled  "Assignment of Copyright (Musical Composition)" that reference  one or more of the Musical Compositions.

15.     "Person(s)" includes an individual, a corporation, a partnership or joint venture or other entity.

16.     "Communication" means the transmittal of information in the form of facts, ideas, inquiries or otherwise.

17.     The term "including" shall mean including but not limited to.

18.     The terms "concerning," "relating to," and "referring to" shall be construed to mean discussing, describing, pertaining to, referring to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in conjunction with, evidencing, setting forth, considering, recommending, or constituting, in whole or in part.

19.     "All" and "each" shall be construed as all and each.

20.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21.     The use of the singular form of any word includes the plural and vice versa.

22.     Unless otherwise specifically addressed in an interrogatory, the governing time-frame for these interrogatories is January 1, 1985 thought the present.

## <u>REQUESTS FOR ADMISSION</u>

1.     Admit that <u>Exhibit A</u> attached hereto is a true and correct copy of the undated agreement between Heard and Precision/Trax relating to the Musical Compositions *Can You Feel It*, *Washing Machine* and *Beyond the Clouds*.

2.      Admit that <u>Exhibit B</u> attached hereto is a true and correct copy of all of the agreement between Heard and Precision/Trax dated December 30, 1986 which was purportedly signed by Larry Sherman on behalf of Precision/Trax, relating to the Musical Compositions *Can You Feel It*, *Washing Machine* and *Beyond the Clouds*.

3.      Admit that <u>Exhibit C</u> attached hereto is a true and correct copy of all the agreement dated November 30, 1986, purportedly signed on December 30, 1986 by Larry Sherman on behalf of Precision/Trax, relating to the Musical Composition *Bring Down the Walls*.

4.      Admit that the document attached as <u>Exhibit A</u> does not contain any grant of copyright ownership nor any assignment or transfer of any copyright ownership interests in any of the Sound Recordings.

5.      Admit that the document attached as <u>Exhibit B</u> does not contain any grant of copyright ownership nor any assignment or transfer of any copyright ownership interests in any of the Sound Recordings.

6.      Admit that the document attached as <u>Exhibit C</u> does not contain any grant of copyright ownership nor any assignment or transfer of any copyright ownership interests in the any of the Sound Recordings.

7.      Admit that the document attached as <u>Exhibit A</u> does not contain any grant of rights to sell, license, distribute or otherwise exploit any of the Sound Recordings.

8.      Admit that the document attached as <u>Exhibit B</u> does not contain any grant of rights to sell, license, distribute or otherwise exploit any of the Sound Recordings.

9.      Admit that the document attached as <u>Exhibit C</u> does not contain any grant of rights to sell, license, distribute or otherwise exploit any of the Sound Recordings.

10.     Admit that the only written agreements ever signed by Larry Heard, on the one hand, and any one or more of the Defendants, on the other hand, relating to the Musical Compositions and/or Sound Recordings, are those attached hereto as <u>Exhibit A</u>, <u>Exhibit B</u> and <u>Exhibit C</u>.

11.     Admit that in or about 1986 and 1987, Trax Records submitted to the U.S. Copyright Office combined copyright registration applications using Form SR for the "sound recording and music" seeking issuance of copyright registrations as copyright claimant for both the musical compositions <u>and</u> sound recordings entitled *Can You Feel It, Washing Machi*ne, *Beyond the Clouds* and *Bring Down the Walls.*

12.     Admit that the "Form SR" applications submitted to the Copyright Office by Trax Records in or about 1986 and 1987 for copyright registrations for the musical compositions entitled *Can You Feel It, Washing Machi*ne, *Beyond the Clouds* and *Bring Down the Walls* also included a statement that, by written agreement, Trax Records was also the copyright claimant of the sound recordings entitled *Can You Feel It, Washing Machi*ne, *Beyond the Clouds* and *Bring Down the Walls.*

13.     Admit that at the time such Form SR applications were filed, neither Cain, Sherman nor Trax Records owned any copyrights in and to the Recordings *Can You Feel It, Washing Machi*ne and *Beyond the Clouds* and *Bring Down the Walls.*

14.     Admit that since 1986, Defendants and/or their respective licensees,  have been selling, licensing distributing and/or exploiting the Musical Compositions and continue to do so through the present time.

6

15. Admit that since 1986, Defendants and/or their respective licensees, have been selling, licensing distributing and/or exploiting the Sound Recordings and continue to do so through the present time.

16. Admit that Cain owns an equal or controlling interests in Trax Records, Inc.

Dated: January 29, 2021

MELONI & McCAFFREY APC
By: /s/Robert S. Meloni
    Robert S. Meloni, *pro hac vice* forthcoming
    Thomas P. McCaffrey, *pro hac vice* forthcoming
3 Columbus Circle – 15th Floor
New York, New York 10019
Tel: (212) 520-6090


LEVENFELD PEARLSTEIN, LLC
By: /s/ Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 346-8380

*Attorneys for Plaintiffs Larry Heard and Robert Owens*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was filed electronically on

this January 29, 2021 and, as such, served on the following counsel of record via electronic service:

> Richard P. Darke, Esq.
> Rosanne Ciambrone, Esq.
> Duane Morris LLP
> 190 South LaSalle Street, Suite 3700
> Chicago, IL 60603-3433

Dated: January 29, 2021

> <u>s/ Robert S. Meloni</u>
>    Robert S. Meloni

EXHIBIT A

ASSIGNMENT OF COPYRIGHT
(Musical Composition)

In consideration of the sum of Three Thousand Dollars ($3,000.00) and other good and valuable consideration, the receipt of which is hereby acknoweldged, the undersigned hereby assigns and transfers one hundred (100%) percent of the worldwide right, title and interest in and to the musical compositions:

WASHING MACHINE            Copyright No. PAU 777 775  11/5/85

CAN YOU FEEL IT            Copyright pending

BEYOND THE CLOUDS          Copyright pending

to Precision/Trax Records, 932 W. 38th Place, Chicago, Illinois 60609, its successors and assigns.

I hereby transfer to you one hundred (100%) percent of all publishing rights and all right, title and interest in and to copyright of the above compositions for the full term of copyright and any renewal and/or extension of such copyright, throughout the universe.

_Larry Heard_

Larry Heard d/b/a Mr. Fingers

Soc. Sec. #_____

5525 N. Winthrop
Chicago, Illinois 60640

ACCEPTED:

PRECISION/TRAX RECORDS

By:_____
    Larry Sherman

EXHIBIT B

ASSIGNMENT OF COPYRIGHT
( Musical Composition)

The artist named below hereby agrees to permit PRECISION/TRAX
Records to use the following musical selection for the
purpose of making and selling phonograph records.

Title; WASHINGMACHINE; CAN YOU FEEL IT; BEYOND THE CLOUDS;

Copyright No. PAU 777 775; PAU 896 668; PAU 896 546

Date:      Nov 05,1985; Oct 17,1986; Oct 20, 1986

PRECISION/TRAX Records agrees to pay artist a royalty of

___FIFTEEN___    ( 15  %) based on the sales of these
phonograph records.

The artist agrees that this particular musical selection
shall not be used for the purpose of making phonograph
records for any other record company for a period of Five
years within the date this agreement is signed.
The artist warrants that the below named musical selection
is His/Her own original composition ,and/or concept.

In consideration of forseen phonograph record sales, the
artist has been paid an advance (non-refundable) payment of

___$3,000.00___      Dollars.

Any additional royalty amounts which may become due
will be paid to the artist at intervals which will be set by
Precision/Trax Records.

Signatures:

Artist: _____Larry Heard_____

Soc. Sec. No. _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_

Address: _____

ACCEPTED:

PRECISION/TRAX RECORDS

By: _____
        Larry Sherman

Date: _12/30/86_

EXHIBIT C

ASSIGNMENT OF COPYRIGHT
( Musical Composition)

The artist named below hereby agrees to permit PRECISION/TRAX
Records to use the following musical selection for the
purpose of making and selling phonograph records.

Title;   BRING DOWN THE WALLS

Copyright No.   PENDING.

Date:  NOV. 30, 1986

PRECISION/TRAX Records agrees to pay artist a royalty of

_____FIFTEEN_____ ( 15 %) based on the sales of these
phonograph records.

The artist agrees that this particular musical selection
shall not be used for the purpose of making phonograph
records for any other record company for a period of Five
years within the date this agreement is signed.
The artist warrants that the below named musical selection
is His/Her own original composition ,and/or concept.

In consideration of forseen phonograph record sales, the
artist has been paid an advance (non-refundable) payment of

_____$3,000.00_____ Dollars.

Any additional royalty amounts which may become due
will be paid to the artist at intervals which will be set by
Precision/Trax Records.

Signatures:

Artist: _____Larry Heard_____

Soc. Sec. No. ____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____

Address: _____

ACCEPTED:

PRECISION/TRAX RECORDS

By: _____Larry Sherman_____

Date: __12/30/86__

MELONI & McCAFFREY APC
Robert S. Meloni, Esq. (*pro hac vice* forthcoming)
Thomas P. McCaffrey, Esq. (*pro hac vice* forthcoming)
3 Columbus Circle, 15th Floor
New York, New York 10019
Tel: (212) 520-6090
Email: rmeloni@m2lawgroup.com
       tmccaffrey@m2lawgroup.com

LEVENFELD PEARLSTEIN, LLC
Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 476-7547
Email: cheintskill@lplegal.com

*Attorneys for Plaintiffs Larry Heard and Robert Owen*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| LARRY HEARD, professionally known as "Mr. Fingers" and ROBERT OWENS,<br><br>        Plaintiffs,<br>   v.<br><br>TRAX RECORDS, INC., PRECISION/TRAX RECORDS, an entity of unknown legal origins, RACHEL SHERMAN née RACHAEL CAIN p/k/a SCREAMIN' RACHAEL, doing business as SCREAMING RACHAEL CAIN MUSIC and TRAX RECORDS, and JOHN DOES 1-10,<br><br>        Defendants. | Civil Action No. 1:20-cv-03678 (SJC)<br><br>Honorable Sharon Johnson Coleman<br><br><br>**PLAINTIFFS' RULE 26(a) DISCLOSURE STATEMENT** |

Pursuant to Rules 26(a) and (f) of the Federal Rules of Civil Procedure, plaintiffs, Larry

Heard ("Heard") and Robert Owens ("Owens") (individually "Plaintiff" and collectively

"Plaintiffs"), make the following initial disclosures. These disclosures are made subject to and

without waiver of any claims of privilege, work-product, confidential and proprietary information

and/or any other basis for nondisclosure. Plaintiffs expressly reserve their rights to supplement,

amend and modify these disclosures based upon information obtained through discovery during the course of litigation.

A.    **Witnesses**

Plaintiffs believe the following individuals are likely to have discoverable information that Plaintiffs may use to prosecute their claims, excluding witnesses that may be used solely for impeachment purposes:

1.  Larry Heard
    c/o Robert S. Meloni, Esq.
    Meloni & McCaffrey, APC
    3 Columbus Circle, 15th Floor
    New York, New York 10019
    212-520-6090

    **Subject of information**:  Mr. Heard is likely to have information concerning the facts alleged in the pleadings, including, without limitation, disputes between the parties, the agreements entered into by the parties, the creation of and the parties' respective ownership interests   the musical copyrights at issue in the Complaint and the exploitation of the intellectual property.

2.  Robert Owens
    c/o Robert S. Meloni, Esq.
    Meloni & McCaffrey, APC
    3 Columbus Circle, 15th Floor
    New York, New York 10019
    212-520-6090

    **Subject of information**:  Mr. Owens is likely to have information concerning the facts alleged in the pleadings, including, without limitation, disputes between the parties, the agreements entered into by the parties, the creation of and the parties' respective ownership interests in the musical copyrights at issue in the Complaint and the exploitation of the intellectual property.

3. Rachel Sherman Cain
   c/o Richard P. Darke, Esq.
   Duane Morris LLP
   190 South LaSalle Street, Suite 3700
   Chicago, IL 60603-3433

   **Subject of information**:  Ms. Cain is likely to have information concerning the facts alleged in the pleadings, including, without limitation, disputes between the parties, the agreements entered into by the parties, the creation of and the parties' respective ownership interests in the musical copyrights at issue in the Complaint and the exploitation of the intellectual property.

4. Rene Gelston
   c/o Robert S. Meloni, Esq.
   Meloni & McCaffrey, APC
   3 Columbus Circle, 15th Floor
   New York, New York 10019
   212-520-6090

   **Subject of information**:  Mr. Gelston is likely to have information concerning the facts alleged in the pleadings, including, without limitation, disputes between the parties, the Plaintiffs' ownership interests in the musical copyrights at issue in the Complaint, and the exploitation of those musical copyrights.

5. John Truelove
   c/o Robert S. Meloni, Esq.
   Meloni & McCaffrey, APC
   3 Columbus Circle, 15th Floor
   New York, New York 10019
   212-520-6090

   **Subject of information**:  Mr. Truelove is likely to have information concerning the facts alleged in the pleadings, including, without limitation, disputes between the parties, the Plaintiffs' ownership interests in the musical copyrights at issue in the Complaint, and the exploitation of those musical copyrights.

6. Greg Roselli
   Rights Incorporated
   16 Cranfield House
   97 Southampton Row
   London WC1B 4HH

   **<u>Subject of information</u>**: Mr. Roselli is likely to have information concerning the facts alleged in the pleadings, including, without limitation, disputes between the parties, the agreements entered into by the parties, the creation of and the parties' respective ownership interests in the musical copyrights at issue in the Complaint and the exploitation of the intellectual property.

7. Demon Music Group
   BBC Studios Ltd.
   Television Centre
   101 Wood Lane
   London W12 7FA

   **<u>Subject of information</u>**: Damon Music Group is likely to have information concerning the agreements entered into by Demon Music Group and Casablanca Records relating to the exploitation of the musical compositions and sound recordings at issue in this lawsuit.

8. Casablanca Records
   c/o Universal Music Group / Republic Records
   1755 Broadway
   New York, New York 10019

   **<u>Subject of information</u>**: Casablanca Records is likely to have information concerning the agreements entered into by Demon Music Group and Casablanca Records relating to the exploitation of the musical compositions and sound recordings at issue in this lawsuit.

9. Patrick Moxey
   Ultra Music
   235 West 23rd Street, #6
   New York, NY 10011

   **<u>Subject of information</u>**: Ultra Music is likely to have information concerning the agreements entered into by Rachael Cain/Screaming Rachel Music and Ultra Music relating to the ownership exploitation of the musical compositions at issue in this lawsuit.

4

10. Widow of Larry Sherman
    Estate of Larry Sherman
    Address unknown

**Subject of information**:   The widow of Larry Sherman is likely to have information concerning any agreements between Larry Sherman and Rachel Cain relating to the sale of all or part of the assets of Trax Records, Inc., including without limitation, the musical compositions and sound recordings at issue in this lawsuit.

Plaintiffs' investigation of the facts of this case is ongoing.  Accordingly, Plaintiffs reserve the right to supplement or amend this response when and as appropriate.  Plaintiffs also reserve the right to call all witnesses identified in Defendants' Initial Disclosures in this action.

## B. **Documents & Tangible Things**:

The categories of documents listed below, which support the material allegations of Plaintiff's claims are within Plaintiff's possession, custody, or control, upon which the Plaintiffs may rely, except for those documents and tangible things to be used solely for impeachment:

1. The pleadings and exhibits;
2. Written responses to discovery requests in this action;
3. Communications between Plaintiffs and Defendants and their representatives;
4. Communications between Defendants and non-parties regarding the subject matter of this action;
5. Communications between Plaintiffs and non-parties regarding the subject matter of this action;
6. All documents identified in the parties respective Initial Disclosures and/or produced during discovery by the parties or any nonparty.
7. The agreements between Heard and Defendants dated November and December 1985;
8. All sound recordings and musical compositions created by Plaintiffs, or either of them, from 1985 through the present.
9. Copyright applications and registrations for the musical compositions and sound recordings at issue in this litigation;

10. Documents evidencing royalty, licensing or other income received by or credited to Defendants and/or their licensees and/or distributors, from the exploitation of the musical compositions and sound recordings at issue in this lawsuit, including without limitation, Demon Music Group, Casablanca Records, various Performing Rights Organizations including, without limitation, ASCAP, BMI, SESAC, Global Music Rights, SOCAN, PRS for Music Limited, GEMA, various on-demand music streaming services including, without limitation, Spotify, Apple Music, Tidal, Amazon Music, YouTube Music and Pandora Premium.

Plaintiffs' investigation of the facts of this case is ongoing. Accordingly, Plaintiffs reserve the right to supplement or amend this response when and as appropriate. Plaintiffs also reserves the right to use all documents identified in Defendants' Initial Disclosures and/or produced during discovery by Defendants and/or any third party, in this action.

## C. __Damages__

Plaintiffs anticipate that the quantification of damages will require discovery from Defendants and non-parties as well as expert analysis. The damages sought in the claims consist of actual damages including, without limitation, contract damages resulting from non-payment of royalties pursuant to any valid and enforceable agreements between Plaintiff(s) and Defendant(s); profits realized by Defendants resulting from Defendants' wrongful exploitation, licensing and/or distribution of the musical compositions and sound recordings at issue in this action pursuant to 17 U.S.C. §504(b) or, in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c) in the maximum amount allowed by law; and Plaintiffs' costs including reasonable attorney's fees pursuant to 17 U.S.C. §505. Plaintiffs will also seek to recover their attorney's fees expended in defending any counterclaims asserted by Defendants, if any. Plaintiffs' investigation of the facts of this case is ongoing. Accordingly, Plaintiffs reserve the right to supplement or amend this response when and as appropriate

**D.  Insurance**

Not applicable.

Plaintiffs will supplement these disclosures if they discover new relevant information.

Dated: January 29, 2021

MELONI & McCAFFREY APC
By: /s/Robert S. Meloni
      Robert S. Meloni, *pro hac vice* forthcoming
      Thomas P. McCaffrey, *pro hac vice* forthcoming
3 Columbus Circle – 15th Floor
New York, New York 10019
Tel:  (212) 520-6090

LEVENFELD PEARLSTEIN, LLC
By: /s/ Christopher M Heintskill (ARDC No. 6272391)
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 346-8380

*Attorneys for Plaintiffs Larry Heard and Robert Owens*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was filed electronically on

this January 29, 2021 and, as such, served on the following counsel of record via electronic service:

      Richard P. Darke, Esq.
      Rosanne Ciambrone, Esq.
      Duane Morris LLP
      190 South LaSalle Street, Suite 3700
      Chicago, IL 60603-3433

Dated:  January 29, 2021

      <u>s/ Robert S. Meloni</u>
        Robert S. Meloni

8