EXHIBIT B

THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| LARRY HEARD a/k/a "Mr. Fingers" and ROBERT OWEN, )<br><br>Plaintiffs, )<br><br>v. )<br><br>TRAX RECORDS, INC., PRECISION/TRAX RECORDS, an entity unknown legal origins, RACHAEL SHERMAN nee RACHAEL CAIN p/k/a SCREAMIN' RACHAEL, doing business as SCREAMING RACHAEL CAIN MUSIC and TRAX RECORDS, and JOHN DOES 1-10, )<br><br>Defendants. )<br>_____ ) | Case No. 20-cv-03678<br><br>Honorable Sharon J. Coleman |

### DEFENDANTS' RESPONSE TO
### PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS

TRAX RECORDS, INC., PRECISION/TRAX RECORDS, RACHAEL SHERMAN nee RACHAEL CAIN p/k/a SCREAMIN' RACHAEL, doing business as SCREAMING RACHAEL CAIN MUSIC and TRAX RECORDS ("collectively "Defendants"), by their attorneys, for their objections and responses to Plaintiffs' First Request for Documents, state as follows:

### GENERAL OBJECTIONS

Defendants hereby assert the following General Objections:

Defendants object to these requests to the extent they request documents or information dating beyond May 2010. Accordingly Defendants object to the time frame for the Document Requests seeking information and documents dating back to 1985.

Defendants generally object to the Requests in their entirety on the grounds that they are unduly burdensome and oppressive.

Defendants generally object to the Requests in their entirety, and to the individual Requests included therein, to the extent that the burden of producing the objects and documents sought by the Requests outweigh the likely benefits, taking into account all factors, including without limitation, the needs of the case, the parties' resources, the importance of the issues at stake and in dispute, and the role of the proposed discovery.

Defendants generally object to the Requests in their entirety, and to the individual Requests included therein, to the extent that they are vague or overbroad.

Defendants generally object to each of the Requests to the extent that it seeks documents containing communications or other matters protected by the attorney-client privilege, the work product doctrine, or other applicable privileges or doctrines. Nothing contained herein is intended to be or should be construed as a waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege, protection or doctrine.

Defendants generally object to the Requests in their entirety, and to the individual Requests included therein, to the extent that they seek confidential information of third parties. Defendants object to the Requests to the extent they seek information protected from disclosure by the privacy protection of any applicable law, statute, rule, or doctrine.

Defendants generally object to the Requests in their entirety, and to the individual Requests included therein, to the extent that they seek production of information constituting confidential, trade secret, proprietary, business and/or commercial information of Defendants or other parties.

Defendants object to each Request to the extent it seeks documents or other information unrelated to the transactions at issue in this matter.

Defendants object to each Request to the extent it contains no time limitations.

Defendants generally object to the Requests in their entirety, and to the individual Requests included therein, to the extent that they call for the production of information or documents that are in the possession of persons or entities outside of Defendants' custody or control.

Defendants generally object to the Requests in their entirety, and to the individual Requests included therein, to the extent that they seek to impose discovery obligations upon Defendants that are broader than, or inconsistent with, the Federal Rules of Civil Procedure.

Defendants reserve the right to assert additional objections to the production of information as appropriate and to supplement these objections. Defendants specifically reserve all objections as to the competency, relevancy, materiality and admissibility of any information or the subject matter thereof, all objections as to burden, vagueness, over-breadth, ambiguity, and that it is compound, and all rights to object on any ground to the use of any of the requested information in any subsequent proceeding, including without limitation the trial of this, or any other, action.

Any production of information by Defendants, notwithstanding the objectionable nature of any of the definitions, or the specific Request itself, should not be construed as: (a) an admission that the information is relevant, admissible as evidence, or reasonably calculated to lead to the discovery of admissible evidence; (b) a waiver of the General Objections or the objections asserted in response to the specific Request; or (c) an agreement that Requests for similar information will be treated in a similar manner.

Defendants object to each Request to the extent it seeks information irrelevant to issues in this case and is not reasonably calculated to lead to the discovery of admissible evidence.

The foregoing General Objections are incorporated into and apply to each of the following responses to specific Requests. Each response to a specific production Request is made subject to

3

and without waiving these General Objections, whether or not specifically reiterated in these responses.

## RESPONSES TO REQUESTS FOR
## THE PRODUCTION OF DOCUMENTS

1. All communications between any Defendant and any Person(s) concerning the interpretation of Defendants rights and/or obligations under the Precision/Trax Documents.

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving their General Objections, Defendant object to this request because: (a) it seeks disclosure of attorney-client communications and attorney work-product; (b) it is overly broad and unduly burdensome to identify "all communications"; (c) it requests communications with Larry Sherman, who passed away in 2020; and (d) requests communications dating back to 1986, which is well beyond the applicable statute of limitations in this matter.

2. Documents sufficient to establish the legal right of any Defendant in and to each and every one of the Musical Compositions, including, without limitation, (i) the right to license the Musical Compositions to third parties, (ii) the right to publish, sell or otherwise exploit the Musical Compositions in any media and formats; and (iii) the right to claim ownership and/or copyright interests in and to any Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it (a) calls for a legal conclusion, (b) seeks information that is protected from disclosure by the attorney-client privilege. Subject to and without waiving their objections, the Defendants note that Larry Sherman believed the assignments referenced in Plaintiffs' complaint were sufficient to allow for the exploitation, publication, ale and distribution of the Musical Compositions and Sound Recordings.

3. Documents sufficient to establish the legal right of any Defendant in and to each and every one of the Sound Recordings, including, without limitation, (i) the right to license the Sound Recordings to third parties, (ii) the right to publish, sell or otherwise exploit the Sound Recordings in any media and formats; and (iii) the right to claim ownership and/or copyright interests in and to Sound Recordings.

4

**RESPONSE:** Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence.

4. Documents pursuant to which Defendants exploited Musical Compositions.

**RESPONSE:** Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence.

5. Documents pursuant to which Defendants exploited Sound Recordings.

**RESPONSE:** Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence.

6. Documents pursuant to which Defendants authorized any Person to exploit any Musical Compositions.

**RESPONSE:** Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence.

7. Documents pursuant to which Defendants authorized any Person to exploit any Sound Recordings.

**RESPONSE:** Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence.

8. Documents sufficient to establish the gross revenues generated by Defendants, individually or collectively, or on their behalf, relating to the licensing and/or other exploitation of the Musical Compositions from January 1, 1986 through the present.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations.

9. Documents sufficient to establish the gross revenues generated by Defendants, individually or collectively, or on their behalf, relating to the licensing and/or other exploitation of the Sound Recordings from January 1, 1986 through the present.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations.

10. Documents sufficient to identify the expenses incurred by Defendants, individually or collectively, in connection with the sale, license, publication and/or other exploitation of the Musical Compositions from January 1, 1986 through the present.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations.

11. Documents sufficient to identify the expenses incurred by Defendants, individually or collectively, in connection with the sale, license, publication and/or other exploitation of the Sound Recordings from January 1, 1986 through the present.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations.

12. Documents sufficient to establish all payments or other forms of consideration paid or credited to Rachel Cain individually relating to the licensing and/or other exploitation of the Musical Compositions from January 1, 1986 through the present.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations.

13. Documents sufficient to establish all payments or other forms of consideration paid or credited to Rachel Cain individually relating to the licensing and/or other exploitation of the Sound Recordings from January 1, 1986 through the present.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations.

14. All agreements, licenses and documents, including all attachments and modifications which reflect your contention, if any, that Defendants, or any of them, has the right to use, publish or otherwise exploit the Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence

15. All agreements, licenses and documents, including all attachments and modifications which reflect your contention, if any, that Defendants, or any of them, has the right to use, publish or otherwise exploit the Sound Recordings.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence

16. All agreements, licenses and documents, including all attachments and modifications, pursuant to which any Defendants, authorized and/or licensed third parties to use, publish or otherwise exploit the Musical Compositions, including without limitation, and such agreements with Casablanca Records.

7

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence

17. All agreements, licenses and documents, including all attachments and modifications, pursuant to which any Defendants, authorized and/or licensed third parties to use, publish or otherwise exploit the Musical Compositions, including without limitation, and such agreements with Casablanca Records.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations.

18. Documents sufficient to show the sale, licensing, distribution or other exploitation of the Musical Compositions by Casablanca Records and/or Casablanca Trax, Inc.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations.

19. Documents sufficient to show the sale, licensing, distribution or other exploitation of the Sound Recordings by Demon Music Group.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants agree to produce a copy of the possible agreement between Demon Music Group and Casablanca Trax Inc. upon entry of an appropriate protective order. Defendants are not parties to the Demon Music Group and Casablanca Trax license agreement.

20. Documents sufficient to show the s sale, licensing, distribution or other exploitation of the Musical Compositions by Demon Music Group.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants incorporate their answer to request number 19 herein.

8

21. Documents sufficient to show the sale, licensing, distribution or other exploitation the Sound Recordings by any other Person.

**RESPONSE:** Defendants incorporate their General Objections herein. Without waiving their General Objections, Defendants do not have information responsive to this request.

22. Each royalty statement any Defendant has rendered Heard since 1986 relating to the Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to do so.

23. Each royalty statement any Defendant has rendered Heard since 1986 relating to the Sound Recordings.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations. Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to do so.

24. Each royalty statement any Defendant has rendered Owens since 1986 relating to the Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations. Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to do so.

25. Each royalty statement any Defendant has rendered Owens since 1986 relating to the Sound Recordings.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations. Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to do so.

26. Documents sufficient to show any payments made by any Defendant to Heard relating to the Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations. Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to make payment to Plaintiffs.

27. Documents sufficient to show any payments made by any Defendant to Heard relating to the Sound Recordings.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations. Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to make payment to Plaintiffs.

28. Documents sufficient to show any payments made by any Defendant to Owens relating to the Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations.

Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to make payment to Plaintiffs.

29. Documents sufficient to show any payments made by any Defendant to Owens relating to the Sound Recordings.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations. Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to make payment to Plaintiffs.

30. Documents sufficient to show any payments made by any Defendant to any Person other than Heard and Owens which relate or refer to any Sound Recordings.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations. Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to make payment to Plaintiffs.

31. Documents sufficient to show any payments made by any Defendant to any Person other than Heard and Owens which relate or refer to any Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations. Without waiving their General Objections, Defendants do not have information responsive to this request, nor do they believe it was there obligation to make payment to Plaintiffs.

32. All agreements with between Cain, individually or through Screaming Rachel Cain Music and Ultra Music which relate or refer to any Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants will make available for copying or inspection Documents responsive to this request, if any., upon entry of an appropriate protective order.

33. All agreements with between Cain, individually or through Screaming Rachel Cain Music and Ultra Music which relate or refer to any Sound Recordings.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants will make available for copying or inspection Documents responsive to this request, if any., upon entry of an appropriate protective order.

34. Each statement of account rendered by Ultra Music to Cain, individually or through Screaming Rachel Cain Music, which relate or refer to any Musical Compositions or Sound Recordings.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants will make available for copying or inspection Documents responsive to this request, if any., upon entry of an appropriate protective order.

35. Each agreement with a Performance Rights Organization ("PRO") (including, without limitation, ASCAP, BMI and SESAC) that governed public performance income generated by any Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Cain receives royalties for her music from BMI and will provide an example of the statement of account for the years preceding the filing the Plaintiffs' complaint upon entry of an appropriate protective order.

36. Each royalty statement Defendants, or either of them, received from a PRO concerning their respective collection of public performance income generated by any Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants do not believe they have documents responsive to this request other than as noted in response to request number 35.

37. All documents filed or exchanged by any party in the lawsuit entitled CASABLANCA TRAX INC v. TRAX RECORDS INC., in the state court of Illinois, No. 1-06-2194, including, without limitation, the Joint Venture Agreement entered into on December 17, 2002, as modified in March 2004 ("Casablanca JVA").

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving its General Objections, Defendants further object to this request because it (a) seeks information that has no bearing on any issues, claim or defense in this case, (b) is overly broad and unduly burdensome, (c) requests information subject to the attorney/client privilege and the work-product doctrine; and (d) requests information outside of the control of the Defendants.

38. Documents sufficient to establish any income or other forms of consideration Defendants received for the exploitation of Musical Compositions pursuant to the Casablanca JVA.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it seeks: (a) information and documents that are not relevant or proportional to the claims or defenses at issue, (b) information that extends beyond the applicable statute of limitations in this case.

39. Documents sufficient to establish any income or other forms of consideration Defendants received for the exploitation of Sound Recordings pursuant to the Casablanca JVA.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants incorporate their General Objections herein. Defendants object to this request because it seeks: (a) information and documents that are not relevant or proportional to the claims or defenses at issue, (b) information that extends beyond the applicable statute of limitations in this case.

13

40. Copies of all statement of account rendered to Defendants, or any of them, from Casablanca Trax Inc. pursuant to the Casablanca JVA.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants incorporate their General Objections herein. Defendants object to this request because it seeks: (a) information and documents that are not relevant or proportional to the claims or defenses at issue, (b) information that extends beyond the applicable statute of limitations in this case.

41. All Agreements that govern the exploitation of Musical Compositions and/or Sound Recordings through any digital service providers, digital retailers and/or streaming services, including, without limitation, any and all agreements between Defendants and/or Apple Music, Spotify, Pandora, Tidal, Indagio, LiveXLive, Primephonic, SiriusXM, and Amazon Music (collectively, "Digital Services").

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to their objections and without waiving the same, Defendants agree to produce relevant non-privileged documents responsive to this request that concern the Musical Compositions and Sound Recordings. Further answering and without waiving their objections, Defendants agree to produce a copy of the possible agreement between Demon Music Group and Casablanca Trax Inc. upon entry of an appropriate protective order. Defendants are not parties to the Demon Music Group and Casablanca Trax license agreement.

42. Documents sufficient to establish all royalties Defendants collected from all sources for the exploitation of Musical Compositions, including from Digital Services.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it seeks: (a) information and documents that are not relevant or proportional to the claims or defenses at issue, (b) information that extends beyond the applicable statute of limitations in this case.

43. Documents sufficient to establish all royalties from all sources Defendants paid to Heard generated by the exploitation of Musical Compositions and/or Sound Recordings.

14

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it seeks: (a) information and documents that are not relevant or proportional to the claims or defenses at issue, (b) information that extends beyond the applicable statute of limitations in this case. Documents sufficient to establish all royalties from all sources Defendants paid to Owens generated by the exploitation of Musical Compositions and/or Sound Recordings.

44. All documents submitted to the office of the Registrar of Copyrights with respect to the application for registration of any copyright for each one of Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it seeks: (a) information and documents that are not relevant or proportional to the claims or defenses at issue, (b) information that extends beyond the applicable statute of limitations in this case.

45. All documents received from the office of the Registrar of Copyrights with respect to the application for registration of copyright for each one of Sound Recordings.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request because it seeks: (a) information and documents that are not relevant or proportional to the claims or defenses at issue, (b) information that extends beyond the applicable statute of limitations in this case.

46. All documents that refer or relate to Cain's ownership interests in Trax Records, Inc. and its predecessors in interest.

**RESPONSE:** Cain does not have an ownership interest in Trax Records, Inc.

47. All documents that refer or relate to the sale, assignment or transfer of any interests in Trax Records, Inc., and any assets of Trax Records, Inc., including but not limited to musical copyrights, trademarks, and physical assets, to Cain and/or the widow of Larry Sherman and/or the Estate of Larry Sherman.

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving its General Objections, the Defendants object to this request because it seeks documents that are not relevant or proportional to the claims and defenses in this litigation as it seeks documents that do not concern Plaintiffs' claimed rights in the Musical Compositions, Sound Recordings, or Recordings

48. All documents that refer or relate to any agreements between Cain, on the one hand, and the Widow of Larry Sherman, on the other hand, relating to any ownership interests in Trax Records, Inc. and/or any assets owned or formerly owned by Trax Records, Inc., including without limitation, any Sound Recordings and Musical Compositions.

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving its objections, Defendants object to this request to the extent it seeks documents or information concerning the Defendants' ownership interest in assets beyond the Sound Recordings and Musical Compositions. Subject to their objections and without waiving the same, Defendants will produce relevant non-privileged documents responsive to this request and that concern the Musical Compositions and Sound Recordings.

49. All documents that support the contention by Cain "DBA Phuture Trax Records" that she was, and is now, the lawful owner of the trademark TRAX RECORDS issued U.S. Registration Nos. 3,466,156.

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving their objections, Defendants object to this request because it seeks documents that are not relevant to this claims or defenses in this case.

50. All documents that support the contention by Cain "DBA Phuture Trax Records" that she was, and is now, the lawful owner of the trademark TRAX RECORDS issued U.S. Registration No. 3,466,459.

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving their objections, Defendants object to this request because it seeks documents that are not relevant to this claims or defenses in this case.

51. All documents that support Cain's contention that she was the first Person to use the trademark TRAX RECORDS in interstate commerce in connection with "musical sound recordings" commencing as of August 8, 1988, as stated in U.S. Registration No. 3,466,156.

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving their objections, Defendants object to this request because it seeks documents that are not relevant to this claims or defenses in this case.

52. All documents that support Cain's contention that she was the first Person to use the trademark TRAX RECORDS in interstate commerce in connection with "audio and video recordings featuring music and documentaries, dramas, comedies, and cartoons, based on the inspiration, and unity, created by dance, and the unique sound and unity among people of all nations through a house music sound" commencing as of August 2, 1985, as stated in U.S. Registration No. 3,466,459.

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving their objections, Defendants object to this request because it seeks documents that are not relevant to this claims or defenses in this case.

53. All documents and/or communications that Defendants relied upon in drafting their respective answers to Plaintiff's' First Set of Interrogatories.

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving these General Objections, Defendants object to this request because it calls for the disclosure of attorney-work product and attorney-client communications.

54. All documents and/or communications that Defendants relied upon in answering Plaintiffs' First Set of Interrogatories.

**RESPONSE:** Defendants incorporate their General Objections herein. Subject to and without waiving these General Objections, Defendants object to this request because it calls for the disclosure of attorney-work product and attorney-client communications.

55. All documents and/or communications that Defendants intend to rely upon at trial.

**RESPONSE:** Defendants incorporate their General Objections herein. Defendants object to this request as premature.

17

DATED: March 4, 2021            **RACHAEL CAIN, PRECISION/TRAX AND TRAX RECORDS INC.**

BY: _[signature]_

One of their Attorneys

Richard P. Darke
Rosanne Ciambrone
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60601
(312) 499-6700
rpdarke@duanemorris.com
rciambrone@duanemorris.com

*Counsel to Rachael Cain, Trax Records, Ltd.*
*And Trax Records Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 4, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and, as such, served on the following counsel of record via electronic service:

Robert S. Meloni (*pro hac vice* forthcoming)
Thomas P. McCaffrey (*pro hac vice* forthcoming)
MELONI & McCAFFREY, a Professional Corporation
3 Columbus Circle – 15th Floor
New York, New York 10019
Tel: (212) 520-6090
rmeloni@m2lawgroup.com

Christopher M Heintskill (ARDC No. 6272391)
LEVENFELD PEARLSTEIN, LLC
2 North LaSalle, 13th Floor
Chicago, IL 60602
Tel: (312) 346-8380
cheintskill@lplegal.com
*Appearing as Local Counsel for Plaintiffs*

                                              */s/ Richard P. Darke*