EXHIBIT C

# MELONI & McCAFFREY

### A Professional Corporation
ATTORNEYS AT LAW
3 Columbus Circle | 15th Floor
New York, New York 10019
Telephone: (212) 520-6090
Facsimile: (917) 210-3758
www.m2lawgroup.com

Robert S. Meloni
Thomas P. McCaffrey

Writer's Direct Telephone: (917) 331-9556
Writer's Email: rmeloni@m2lawgroup.com

March 16, 2021

BY EMAIL:  rpdarke@duanemorris.com
rciambrone@duanemorris.com

Richard P. Darke, Esq.
Rosanne Ciambrone, Esq.
Duane Morris LLP
190 S. LaSalle Street, Suite 3700
Chicago, IL 60601
(312) 499-6700

Re: *Heard, et al. v. Trax Records, Inc., et al.* [Case No. 20-cv-03678 SJC]

Dear Richard and Roseanne:

We are in receipt of Defendants' responses to Plaintiffs' First Set Of Interrogatories and Plaintiffs First Requests For Admission. Defendants' responses to Plaintiffs' First Set Of Interrogatories are deficient in many critical respects. Defendants' responses to Plaintiffs' First Requests For Production of Documents are also deficient in many critical respects but also were not timely served. this letter is being sent in a good-faith effort to eliminate the necessity for filing a motion to compel.

## **General Standards**

Fed. R. Civ. P. 26(b) provides that parties may obtain discovery regarding

[a]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." *Id.*

Richard P. Darke, Esq. and Rosanne Ciambrone, Esq.
March 16, 2021
Page 2

___

Thus, Fed. R. Civ. P. 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. *Granite State Ins. Co. v. Pulliam Enters*., 3:11-cv-432-RL-CAN, 2015 U.S. Dist. LEXIS 197713, *5 (N.D. Ind. Nov. 23, 2015).

Further, "general or boilerplate objections such as 'overly burdensome and harassing' are improper — especially when a party fails to submit any evidentiary declarations supporting such objections." *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection"). *See also Runway TV, LLC v. De Gray,* 2:18-cv-02503-FMO-JC, 2020 U.S. Dist. LEXIS 225424, *7-8 (C.D. Ca. Sept. 15, 2020) ("Such objections do not explain or analyze on an individualized basis why each particular Discovery Request in Issue is objectionable and are therefore inadequate.")*; A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper -- especially when a party fails to submit any evidentiary declarations supporting such objections.").

Finally, Federal courts have long disfavored boilerplate objections. *See St. Paul Reinsurance Co.,* 198 F.R.D., 508, 512 (N.D. Iowa 2000) ("[F]ederal courts have routinely deemed [boilerplate objections] to be improper objections."); *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) (citations omitted); *accord Adelman v. Boy Scouts of Am*., 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this district typically condemn boilerplate objections as legally inadequate or meaningless." (citations omitted) (internal quotation marks omitted)); *Nissan N. Am., Inc. v. Johnson Elec. N. Am., Inc*., No. 09-CV-11783, 2011 WL 669352, at *2 (E.D. Mich. Feb. 17, 2011) (refusing to consider "[b]oilerplate or generalized objections"); *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358 (D. Md. 2008) ("boilerplate objections that a request for discovery is 'overbroad and unduly burdensome, and not reasonably calculated to lead to the discovery of material admissible in evidence,' . . . , persist despite a litany of decisions from courts, including this one, that such objections are improper unless based on particularized facts.") (citations omitted).

Therefore, to the extent you do not immediately amend your responses, as described in more detail below, to provide proper non-generalized objections or other responses, I will insist that each and every improper objection is deemed a non-response, and proceed accordingly, including asserting that all such objections are waived. *Duran v. Cisco Sys., Inc*., 258 F.R.D. 375, 379–80 (C.D. Cal. 2009) ("Even if not waived, such unexplained and unsupported boilerplate objections are improper.")

Richard P. Darke, Esq. and  Rosanne Ciambrone, Esq.
March 16, 2021
Page 3

---

# INTERROGATORIES

You have refused to properly respond to most of the Interrogatories that were served.  As demonstrated below, each of the Interrogatories is relevant to our clients' claims and your clients' defenses.

Fed. R. Civ. P. 33 requires that a party objecting to an interrogatory "shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."  All grounds for objection must be "stated with specificity" or the objection is waived.  Fed. R. Civ. Proc. 33(b)(4).  An "evasive or incomplete . . . answer, or response is to be treated as a failure to . . . answer or respond." Fed. R. Civ. P. 33(b)(1), 37(a)(3).

Moreover, where, as here, Defendants answers to interrogatories are prefaced by more than two pages of "general objections" they are even more suspect. *See Queensridge Towers, LLC v. Allianz Global Risks US Ins. Co.,* 2:13-cv-00197-JCM-PAL, 2014 U.S. Dist. LEXIS (D. Nev. Feb 4, 2014) ("The responses are particularly evasive, incomplete and unresponsive in light of the litany of 'general objections and reservations' followed by lengthy boilerplate objections made to each individual request. The general objections, reservations, and boilerplate objections look like a form provided to the firm's most junior attorney thirty years ago to teach new lawyers how to obstruct discovery.")

The failure to provide good faith responses to Defendants' interrogatories may result in sanctions under Fed. R. Civ. P. 37(b). *See Jones v. Cooper*, CASE NO. 1:06-cv-00665-LJO-SKO PC, 2010 U.S. Dist. LEXIS 83575, *7 (E.D. Ca. July 16, 2010).  Improper responses to Defendants' interrogatories may also result in an order prohibiting Plaintiff from introducing the designated matters into evidence. Id. (*citing* Fed. R. Civ. P. 37(b)(2)(A)(ii)).

Finally, should my clients be forced to file a motion to compel, and that motion is successful, I shall seek recovery of the costs of that motion, including attorney's fees under Fed. R. Civ. P. 37(a)(5)(A). *Jones v. Cooper*, 2010 U.S. Dist. LEXIS 83575 at *7.

## Interrogatories Nos.1 and 2:

These two interrogatories request that Defendants "identify" certain witnesses with knowledge or information concerning the allegations in the Complaint and also Identify the widow of Larry Sherman.

Plaintiffs' "Definitions and Instructions" provides that the term "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present and last known place of employment.  Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person."

Richard P. Darke, Esq. and  Rosanne Ciambrone, Esq.
March 16, 2021
Page 4

_____

Defendants' response simply provides a list of names, including, "Rachael Cain; Larry Sherman; Larry Heard; Robert Owens; Jennifer Mitchell; Ed Glinert; Casablanca Trax Inc.; Demon Music Group Limited."  Defendants' response is inadequate.

Numerous courts have interpreted Rule 26(b)(1) as requiring the disclosure of home and business  addresses. *See, Patrick v. Teays Valley Trs., LLC*, 297 F.R.D. 248, 258 (N.D. W.Va. 2013) ("Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-including ... the identity and location of persons who know of any discoverable matter.") (quoting Fed. R. Civ. P. 26(b)(1)).  *See also U.S. E.E.O.C. v. McCormick & Schmick's Seafood Restaurants*, 2012 U.S. Dist. LEXIS 92157, 2012 WL 2577795 (D. Md. July 2, 2012); *Bowman v. Green Tree Servicing, Inc.*, 3:12-CV-31, 2012 U.S. Dist. LEXIS 146473, 2012 WL 4849718 (N.D. W.Va. Oct. 11, 2012); *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 431 (N.D.Ca. 2008).

Defendants must supplement their responses to Interrogatories Nos. 1 and 2 with the full contact information for the identified witnesses, other than plaintiffs, including home or corporate addresses.

**Interrogatories Nos. 3 through 6**.

Plaintiffs asked for the identity of persons, other than counsel,  with whom Defendants had discussions concerning their rights and obligations under the three identified agreements and the interpretation of those rights and obligations, before and after filing of the Complaint.  Defendants respond solely with the objection:

Defendants incorporate their General Objections herein. Further answering, Defendants object to interrogatory number 4 [5, 6] because it: (a) is overly broad as it requests discussions with individuals from 1986 to present and fails to distinguish between oral or written discussions; (b) requests communications or discussions that are privileged as attorney-client communications; and (c) is vague, failing to identify what rights or obligations it concerns.

 Not only did Defendants refuse to provide the names and contact information of any such witnesses, but its specific objections are also meritless.  For example, the objection that those interrogatories are overly broad because it "requests discussions with individuals from 1986 to the present" clearly does not apply to interrogatory 5, which only seeks the identity of person with whom Defendants conferred or discussed their rights and obligations after the filing of the Complaint in 2020. Moreover, to the extent Defendants cannot recall any discussions or communications concerning their rights and obligations, they can state that if it is truthful. Indeed, Defendants have used a lack of recollection to respond to interrogatory <u>No.</u> 7.  However, if there is documentation that memorializes any discussions or communications (including Electronically Stored Information, or "ESI"), that should have been disclosed as part of Defendants document production.

Similarly, Defendants' objection concerning privileged "communications or discussions" is not only rendered moot by the express exclusion of conversations with present litigation counsel, but also belies the contrived false distinction concerning "oral or written discussions." Moreover, Plaintiff's interrogatories do not have to identify "what rights or obligations it concerns," as the goal of these interrogatories is to determine from the Defendants their understanding of what rights and obligations are governed by the three agreements.

**Interrogatory No. 7**.

Defendants' response that Plaintiffs cannot seek information that is barred as being beyond the longest applicable statute of limitation, does not explain why they did not respond with information occurring during the ten years, the conceded SOL for breach of contract, leading up to date of the filing of the Complaint.

**Interrogatories Nos. 12 and 13** .

Defendants' responses to these Interrogatories object on the basis that they call for a legal conclusion.  However, contention interrogatories authorize a party to state its legal conclusions. Fed. R. Civ. P. 33(a)(2). *Sartori v. Susan C. Little & Assocs.*, P.A., CIVIL NO. 12-515 JB/LFG, 2013 U.S. Dist. LEXIS 123939, *3 (D. NM. June 12, 2013) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."). Defendants' responses also suggest that there are agreements other than the three identified in the Complaint or the Interrogatories.  To the extent there are other such agreements, Defendants must identify "all" of them.

**Interrogatories Nos. 14 through 19.**

Defendants' responses to these Interrogatories suffer from the same issues identified with the earlier responses, in addition to their specious objections to the failure to define the terms "royalty statement of account" and "exploit." *Ann Chae v. SLM Corp.*, CV 07-2319-ER(RCx), 2008 U.S. Dist. LEXIS 126741, *11 (C.D. Cal. Feb. 22, 2008) (Court rejected Defendants proffered objections to discovery requests that the "terms 'per diem payment interval method' and 'PDPI method' are 'misleading and ambiguous.' However, in light of the allegations and language used in plaintiffs' Amended Complaint, defendants should know the meaning of these terms and must give them their plain meaning." (*citing In re Greenwood Air Crash*, 161 F.R.D. 387, 391-92 (S.D. Ind. 1995) (party "is entitled to rely on plain meaning" of discovery request in providing response to request)).  Similarly, Defendants are companies and an individual who have been allegedly in the music business since 1986 and are fully aware of the meanings of these commonly used terms in that industry.

**Interrogatories Nos. 20 and 21**.

 Defendants' responses to these Interrogatories repeat similar improper objections as those addressed above, with the additional specious opening argument that "is overly broad as it

Richard P. Darke, Esq. and  Rosanne Ciambrone, Esq.
March 16, 2021
Page 6

---

contains no time frame."  The "Definitions and Instructions" to the Interrogatories specifically state: "27. Unless otherwise specifically addressed in an interrogatory, the governing timeframe for these interrogatories is January 1, 1985 thought the present."

**Interrogatory No. 22**.

Defendants' response to this interrogatory is unintelligible.  To the extent it suggests that the Interrogatory is improper because it does not identify specifically the party to the agreement with a PRO for which the information has been sought, the agreements are identifiable from the fact that they are limited to "public performance income generated by Musical Compositions."  The objection that it does not "identify with any parties to any agreement with any of the noted companies" appears to be purposefully evasive.  So, for example, if the PRO is ASCAP, the Defendants must identify ASCAP as the PRO contracting party with any one of more of the Defendants who are the other party to that PRO agreement.  It is incumbent upon Defendants to produce copies of the agreement as well as royalty statements generated under those agreements. *See* Document Demands Nos. 35 and 36.

**Interrogatory Nos. 23.**

Defendants have agreed to provide, as an alternative, "relevant and non-privileged royalty statements they received from a PRO" in response thereto. However, such royalty statements are not subject to any privilege so that objection is unfounded.  Similarly, relevance is an improper objection under Rule 26 since all such royalty statements directly relates to Plaintiffs' claim for damages.

**Interrogatory No. 25**.

Defendants' response to this interrogatory suffers from the same repetitive defects fully addressed above and must be answered fully and completely. Such documents would include, at minimum, any statements of account, royalty statements, or other evidence of payments relating to monies paid to one or more of the Defendants under the Casablanca JVA.

## DOCUMENT PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34(a), a party may request documents "in the responding party's possession, custody, or control." *Bragel Int'l, Inc. v. Kohl's Dept. Stores*, Case No. CV 17-7414 RGK (SSx), 2018 U.S. Dist. LEXIS 224955, *33 (C.D. Ca. Nov. 14, 2018)

Document requests must describe what is being sought with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). Objections to discovery requests must be stated "with specificity." Fed. R. Civ. P. 34(b)(2)(B)

Defendants failed to serve any written responses to Plaintiffs First Request for the Production of Documents or produce any documents in response thereto within the time allotted

Richard P. Darke, Esq. and Rosanne Ciambrone, Esq.
March 16, 2021
Page 7

---

under the federal rules and therefore have waived all objections thereto. *See Shomide v. ILC Dover, Inc.*, 521 F. Supp. 2d 324, 330 (D. Del. 2007) ("If a party fails to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on the motion may make such orders in regard to the failure as are just. Fed. R. Civ. P. 37(d)"). In addition, the objections Defendants seek to belatedly assert are improper on their face. The consequence for lodging objections in such a frivolous fashion is waiver, regardless if the objection was made as a precautionary measure. *Wesley Corp. v. Zoom T.V. Products, LLC*, 2018 U.S. Dist. LEXIS 5068, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018)

Under Rule 26 of the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Discoverable information need not be admissible at trial. *Id.* Under Rule 26, relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" a party's claim or defense. *Hadfield v. Newpage Corp.*, 2016 U.S. Dist. LEXIS 12744, 2016 WL 427924, at *3 (W.D. Ky. Feb. 3, 2016). (*quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

Thus, mere boilerplate objection language, such as "vague, over-broad, unduly burdensome, not reasonably calculated to lead to discovery of admissible evidence," without more, is not sufficient. *See Howard v. Segway, Inc.,* No. 11-CV-688-GKF-PJC, 2013 U.S. Dist. LEXIS 31402, 2013 WL 869955, at *1, *3 (N.D. Okla. Mar. 7, 2013)1. Moreover, Rule 26's proportionality requirement is not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional." *Kunneman Props. LLC v. Marathon Oil Co.*, Case No. 17-CV-456-GKF-JFJ, 2019 U.S. Dist. LEXIS 178179, *5 (N.D. Ok. Oct. 15, 2019) (*quoting* Fed. R. Civ. P. 26(b) advisory committee's note (2015 amendment)).

Rule 26 provides six factors to consider regarding proportionality: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *Kunneman Props. LLC*, 2019 U.S. Dist. LEXIS 178179 at *4-5 (citing Fed. R. Civ. P. 26(b)(1)). This analysis often means "that the burden of responding to discovery lies heavier on the party who has more information, and properly so." *Id.* (quoting Fed. R. Civ. P. 26(b) advisory committee's note (2015 amendment)). This does not allow the objecting party to simply use a boilerplate objection to state that the discovery request was not proportional. *ProCom Heating, Inc. v. GHP Group, Inc.*, 2016 U.S. Dist. LEXIS 193650, 2016 WL 8203221, at *4 (W.D. Ky. July 8, 2016) (*citing Salazar v. McDonald's Corp.*, 2016 U.S. Dist. LEXIS 23293, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016)). *See also, Si03, Inc. v. Musclegen Research*, No. 1:16-CV-274 RLW, 2020 U.S. Dist. LEXIS 208271, *6-7 (D. Ct. Mo. Nov. 6, 2020) (same). In keeping with this requirement, following the 2015 amendments to Rule 26, courts have also

---

1. By definition, "boilerplate" is "[r]eady-made or all-purpose language that will fit in a variety of documents." Boilerplate, Black's Law Dictionary (7th ed. 1999).

Richard P. Darke, Esq. and  Rosanne Ciambrone, Esq.
March 16, 2021
Page 8

---

rejected boilerplate assertions that a discovery request is "disproportionate" and require that "objections based on proportionality" be "explained with specificity." *Polycarpe v. Seterus, Inc.*, 2017 U.S. Dist. LEXIS 77808, 2017 WL 2257571, at *4 (M.D. Fla. May 23, 2017); *see also* Fed. R. Civ. P. 26 advisory committee notes (2015 amendments) (restoration of the "proportionality calculation to Rule 26(b)(1)" was not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"). Rule 26 prohibits disclosure when it would be unduly burdensome, not when it would be "merely expensive or time-consuming." *Siriano v. Goodman Mfg. Co., L.P.*, 2015 U.S. Dist. LEXIS 165040, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015) (*citing Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Finally, Boilerplate objections or responses that do not identify whether documents have been withheld pursuant to the objections are no longer proper. *Carboline Co. v. A-1 Indus. Maint., Inc.*, 2020 U.S. Dist. LEXIS 116457, 2020 WL 3605295, at *2 (E.D. Mo. July 2, 2020) (*citing LADS Network Sols., Inc. v. Agilis Sys., LLC*, 2019 U.S. Dist. LEXIS 190781, 2019 WL 5696147, at *3 (E.D. Mo. Nov. 4, 2019)).

**<u>Defendants' Responses to Document Requests:</u>**

Before we get into the substantive issues with Defendants' written responses, Plaintiffs must draw your attention to an irreconcilable inconsistency.  In **<u>Request No. 1</u>**, Plaintiffs request all "communications" concerning the interpretation of Defendants' rights or obligations under the three agreements at issue.  In their litany of boilerplate responses, Defendants assert the objection that "it requests communications with Larry Sherman, who passed away in 2020." However, In response to **<u>Request No. 2</u>**, which requests documents sufficient to establish Defendants' rights to exploit the musical compositions at issue,  after asserting boilerplate objections, Defendants state: "Defendants note that Larry Sherman believed the assignments referenced in Plaintiffs' complaint were sufficient to allow for the exploitation, publication, sale and distribution of the Musical Compositions and Sound Recording," So given that Defendants are obviously relying on the relevancy of Larry Sherman's "beliefs" concerning the rights he had to exploit the sound recordings and musical compositions, how is it objectionable to seek Larry Sherman's communications on that issue?

The second troubling issue is Defendants' response to **<u>Requests Nos. 3–7</u>** and **<u>14-16</u>**.

Defendants' response to **<u>*Request No. 3*</u>** states:

> "Defendants incorporated herein their answers and objections *to paragraph number 3* herein. Further answering, Defendants object to this request because it assumes facts not in evidence."

Defendants' responses to **<u>Request Nos. 4-7</u>**, then repeat:

> "Defendants incorporated herein their answers and objections to *paragraph number 3* herein. Further answering, Defendants object to this request because it assumes facts

Richard P. Darke, Esq. and  Rosanne Ciambrone, Esq.
March 16, 2021
Page 9

_____

not in evidence."

Similarly, Defendants' responses to **Requests Nos. 14-16**, with the addition of improperly incorporating the two pages of general objections, also state:

> "Defendants  incorporated herein their answers and objections to paragraph number 3 herein. Further answering, Defendants object to this request because it assumes facts not in evidence."

Not only do the responses to **Requests Nos. 3-7** and **14-16** state only one objection to those document requests, but that one objection "assumes facts not in evidence" is improper. *See Vickers v. JP Morgan Chase N.A.,* CIVIL NO. SA-12-CA-31-XR, 2013 U.S. Dist. LEXIS 208157, *26 (W.D. Tex. Feb. 22, 2013) ("Further, JPMC's objections, "assumes that such recording is required," do not appear to be sufficient to avoid providing a further response, as the purpose of discovery is to learn facts.")

Defendants' responses to **Requests Nos. 8-13**, and **17-18**, have the same improper incorporation of two pages of general objections and then adds:

> "Defendants object to this request because it: (a) seeks information that is not relevant or proportional to the claims and defenses at issue, and (b) seeks information that is barred by applicable statute of limitations."

**Requests Nos. 8-13** request "documents sufficient to establish" the revenues received, expenses incurred, and payments made to the corporate and individual Defendants with respect to the exploitation of the Plaintiffs' sound recordings and musical compositions. **Requests Nos. 17-18** request all agreements, licenses, and documents pursuant to which the exploitation of the sound recordings and musical compositions occurred. As such, they are relevant to the issue of liability and damages under copyright and contract law.[2] Moreover, under proportionality analysis, the burden of production properly lies with the parties who have this information, the Defendants. *Kunneman Props. LLC*, 2019 U.S. Dist. LEXIS 178179 at *4-5. Given that Defendants have conceded that the contract statute of limitations is ten years prior to the filing of the Complaint, its blanket refusal to provide written responses and documents for that ten-year period is specious.

For the same reasons stated above, Plaintiffs reject Defendants' frivolous objections regarding relevance, proportionality, and statute of limitations in their responses to **Requests Nos. 22-31** and **36**. Even if Plaintiffs accept Defendants' representations that they do not have any documents responsive to those Requests, Plaintiffs will seek to bar the introduction at trial of any documents that should have been produced in response to any Request where Defendants have represented that they do not have said documents.

_____

2 Defendants' position that the documents sought under these two requests are not relevant are directly belied by their response to **Requests Nos. 19-20**, which seek the exact same documents from one specific third party, Demon Music Group and Casablanca Trax Inc. Indeed, Defendants do not raise anything beyond the incorporated general objections to **Request No. 21**, but just admit they do not have responsive documents.

Richard P. Darke, Esq. and Rosanne Ciambrone, Esq.
March 16, 2021
Page 10

_____

With respect to **Requests Nos. 32-34**, Plaintiffs will circulate a Confidentiality Agreement and Protective Order for Defendants review so the documents can be produced forthwith.

With respect to Defendants' response to **Requests No. 35**, Plaintiff will not accept "an example of the statement of account for the years preceding the filing" but will accept a detailed summary of the statements of account for all of those years generated by the PRO, subject to the entry of the proposed Confidentiality Agreement and Protective Order.

With respect to Defendants' response to **Request No. 37**, Plaintiff rejects Defendants frivolous objections but will limit those requests to the Joint Venture Agreement entered into on December 17, 2002, including any amendments or modifications thereto ("Casablanca JVA"), and documents sufficient to establish any income or other forms of consideration Defendants received during the ten years immediately prior to the filing of the Complaint.

With respect to Defendants' response to **Request Nos. 38-40**, Plaintiffs seek documents relating to "any income or other forms of consideration Defendants received for the exploitation of Musical Compositions [and Sound Recordings] pursuant to the Casablanca JVA." Defendants' objections that such documents are "not relevant or proportional to the claims or defenses at issue" is specious. They have a direct bearing on the damages claimed by Plaintiffs under both contract and copyright theories. Further, Defendants must produce those documents for the ten-year period leading up to the filing of the Complaint.

With respect to Defendants' response to **Request No. 41**, Defendants' reference to the "*possible* agreement between Demon Music Group and Casablanca Trax Inc." is incomprehensible. Either there is such an agreement or there is not. Based on our discussions, Demon has been exploiting the Compositions and Sound Recordings that are the subject of this lawsuit pursuant to a license issued by Casablanca to Demon. If Defendants have possession, custody, or control over it, that agreement must be produced. Further, such agreements are clearly relevant here because they govern the exploitation of the subject copyrights. Finally, such documents are not the subject of any legal privilege. If confidentiality is the issue, production can be made subject to the entry of the proposed Confidentiality Agreement and Protective Order.

For the same reasons stated above, Plaintiffs reject Defendants' frivolous objections regarding relevance, proportionality, and statute of limitations in their responses to **Requests Nos. 42-43**. Defendants must produce those documents for the ten-year period leading up to the filing of the Complaint.

For the same reasons stated above, Plaintiffs reject Defendants' frivolous objections regarding relevance, proportionality, and statute of limitations in their responses to **Requests Nos. 44-45**. Any and all statements and representations made to the Registrar of Copyrights directly impacts the issue of legitimacy of the copyright registrations pursuant to which Defendants have been exploiting the sound recordings and musical compositions directly at issue, including the exploitation occurring within the relevant statute of limitations. Defendants must produce the demanded documents.

Richard P. Darke, Esq. and  Rosanne Ciambrone, Esq.
March 16, 2021
Page 11

_____

Plaintiffs cannot accept Defendants' representation in their response to **Request No. 46** that Defendant "Cain does not have an ownership interest in Defendant Trax Records, Inc."  For one, it evades the point of the request. That is, if Ms. Cain *at any time* (and not just presently) had an ownership interest in Trax Records, Inc., any documents relating to that interest must be produced.  It is my understanding that Ms. Cain and Larry Sherman (before his death) entered into an arrangement whereby an ownership interest in Trax Records, Inc., and/or its assets, or both, were transferred, assigned and/or sold to Ms. Cain.  Also, Ms. Cain has referred to herself a "President", "Owner" or "President and Owner" or "Partner" of "Trax Records", "Trax Records Ltd" (Illinois company dissolved in 1990), "Trax Ltd." (non-existence entity) and/or "Trax Records, Inc." interchangeably throughout the years in public documents (for example, the trademark records for Trax Records) and in public statements made by Ms. Cain and posted on the Trax Records website. She is currently the owner and officer of Trax Records Ltd., a Louisiana company formed in 2013 which  uses the same Chicago address as Trax Records, Inc.

With respect to **Request No. 47**, which requests documents relating to the "sale, assignment or transfer of any interests in Trax Records, Inc., and any assets of Trax Records, Inc." we have the same issues.  In addition, your objections based  on relevancy or proportionality are unfounded for the same reasons stated above. Therefore, Plaintiffs reject those objections.

With respect to **Request No. 48**, Plaintiffs reject the frivolous objections Defendants asserted in response thereto. However, Plaintiffs will review the documents you have agreed to produce in response thereto and revisit this response should it be necessary. However, any limitation imposed beyond documents relating "assets beyond the Sound Recordings and Musical Compositions" is rejected. If any documents related to the disposition of any interests in Trax Records, including ownership shares, they must be produced. Also, any documents you claim are beyond the scope of the request, and will not be produced, should at minimum be specifically identified so I can assess if your objection is well founded.

Plaintiffs reject the frivolous objections regarding relevance in response to **Requests Nos. 49-52** because those requested documents provide Defendant Cain's indicia of ownership and/or control of the business called TRAX RECORDS and are directly relevant to Defendant Cain's direct and indirect liability for the actions of TRAX RECORDS.

Plaintiffs reject Defendants' blanket privilege objection with respect to documents Defendants relied upon in answering Plaintiffs' discovery requests as demanded pursuant to **Requests Nos. 53-54**.  The fact that Defendants counsel may have selected certain documents to aid Defendants in drafting their responses does not cloak any privilege over otherwise non-privileged documents. Plaintiffs do not seek any attorney communications, just the actual documents relied upon.

Finally, Plaintiffs accept Defendants' response with respect to **Request No. 55**, with the proviso that that information and documents will be provided at a later date.

Richard P. Darke, Esq. and  Rosanne Ciambrone, Esq.
March 16, 2021
Page 12

---

I am available to meet and confer on these issues on next week. Please let me know which day and time you prefer.

This letter is not intended to be a complete statement of the facts or the law relevant to this matter and is written without prejudice to the legal and/or equitable rights and remedies of our clients. Any and all such rights and/or remedies, whether or not referred to in this letter, are hereby expressly reserved.

Sincerely,

MELONI & McCAFFREY
A Professional Corporation

By: _____
        Robert S. Meloni

cc:  Christopher Heintskill, Esq.