EXHIBIT E

# MELONI & MCCAFFREY
A Professional Corporation
ATTORNEYS AT LAW
3 Columbus Circle | 15th Floor
New York, New York 10019
Telephone: (212) 520-6090
Facsimile: (917) 210-3758
www.m2lawgroup.com

Robert S. Meloni
Thomas P. McCaffrey

Writer's Direct Telephone: (917) 331-9556
Writer's Email: rmeloni@m2lawgroup.com

August 19, 2021

By email: RPDarke@duanemorris.com

Richard P. Darke, Esq.
Duane Morris
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433

Re: *Heard, et al. v. Trax Records, Inc. et al.* [Case No. 20-cv-03678 SJC/SRH]

Dear Richard:

We are in receipt of Defendants' production in response to Plaintiffs' First Request For Documents. Because that production is deficient in many critical respects, this letter is being sent in a good-faith effort to eliminate the necessity for filing a motion to compel.

## **General Standards**

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." *Id*.

"The scope of relevant discovery is broad: 'Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ....'" *Lukis v. Whitepages Inc.*, 19 C 4871, 2021 U.S. Dist. LEXIS 78453, *41 (N.D. Ill. Apr. 23. 2021) (*quoting* Fed. R. Civ. P. 26(b)(1)). Information need not be admissible in evidence to be discoverable. *Id.* For that reason, information may be relevant under Civil Rule 26 even if it would not be admissible at trial under Evidence Rule 401. *Id*. "Admissibility at trial is not the test. Evidence is relevant in a discovery context if it is relevant to the subject matter of the litigation as Rule 26(b)(1) states, not

Richard P. Darke, Esq.
August 19, 2021
Page 2

---

just the particular issues presented in the pleadings." *Eggleston v. Chi. Journeymen Plumbers' Loc. Union No. 130*, 657 F.2d 890, 903 (7th Cir. 1981).

Moreover, Rule 37 of the Federal Rules of Civil Procedure permits a party to move to compel disclosure and for sanctions where "a party fails to produce documents or fails to respond that inspections will be permitted—or fails to permit inspection—as requested under Rule 34." *Cohn v. Guaranteed Rate, Inc.*, 318 F.R.D. 350, 353 (N.D. Ill. 2016) (*quoting* Fed. R. Civ. P. 37(a)(3)(B)(iv)). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* (quoting Fed. R. Civ. P. 37(a)(3)(4)). Finally, The Court also has broad, inherent power to impose sanctions for failure to produce discovery and for destruction of evidence, over and above the provisions of the Federal Rules. *Id.*

## **DOCUMENT PRODUCTION**

Defendants' most recent document production is woefully deficient. Plaintiffs requested production, *inter alia*, of the following categories of documents:

4. Documents pursuant to which Defendants exploited Musical Compositions.

5. Documents pursuant to which Defendants exploited Sound Recordings.

6. Documents pursuant to which Defendants authorized any Person to exploit any Musical Compositions.

7. Documents pursuant to which Defendants authorized any Person to exploit any Sound Recordings.

\* \* \* \* \*

16. All agreements, licenses and documents, including all attachments and modifications, pursuant to which any Defendants, authorized and/or licensed third parties to use, publish or otherwise exploit the Musical Compositions, including without limitation, and such agreements with Casablanca Records.

17. All agreements, licenses and documents, including all attachments and modifications, pursuant to which any Defendants, authorized and/or licensed third parties to use, publish or otherwise exploit the Musical Compositions, including without limitation, and such agreements with Casablanca Records.

18. Documents sufficient to show the sale, licensing, distribution or other exploitation of the Musical Compositions by Casablanca Records and/or Casablanca Trax, Inc.

19. Documents sufficient to show the sale, licensing, distribution or other exploitation of the Sound Recordings by Demon Music Group.

20. Documents sufficient to show the s sale, licensing, distribution or other exploitation of the

Richard P. Darke, Esq.
August 19, 2021
Page 3

---

        Musical Compositions by Demon Music Group.

21. Documents sufficient to show the sale, licensing, distribution or other exploitation the Sound Recordings by any other Person.

*See* Plaintiffs' First Request For Documents, ¶¶4-7, 16-21.

    On July 21, 2021, Defendants Trax Records, Inc. and Rachael Cain filed a Third-Party Plaintiffs' Complaint Against Casablanca Trax Inc. For A Declaratory Judgment and Other Relief (Doc # 42) (hereinafter "TPC").

    In said TPC, Defendants make references to the existence of the following documents in allegations subject to Fed. R. Civ. P. 11:

1. Trax Music Catalogue. (TPC, ¶5);

2. Demon License Agreement. (*Id*. ¶6);

3. 2012 Settlement Agreement (*Id*., ¶8);

4. 2002 Joint Venture Agreement (*Id*., ¶16);

5. 2004 Amendment to Joint Venture Agreement (*Id*.);

6. 2005 Judgment (*Id*., ¶17);

7. 2006 Purchase of Master Recordings and Trax Music Catalogue under the UCC (*Id*., ¶18); and

8. 2007 Casablanca/Demon Music Group License Agreement (*Id*. ¶19).

    These eight documents are directly responsive to one or more of the above-referenced document requests. The very fact that they are referred to in the TPC, is a concession of their relevance to the main action.

    Plaintiffs have reviewed the documents produced thus far by Defendants and cannot locate any of the eight documents referred to in the TPC. If you have produced them, please provide us with the specific bates numbers associated with each document in the order set forth above. If you have not produced them, we demand that you provide them to us in unredacted form immediately.

    Should you refuse to produce those documents, I am available to meet and confer over your refusal to fully comply with Plaintiffs First Request For Documents on today or tomorrow. Please let me know which day you prefer and what times you are available.

Richard P. Darke, Esq.
August 19, 2021
Page 4

    Nothing contained herein shall constitute a waiver of Plaintiffs' claims, rights, and remedies, all of which are expressly reserved.

                                              Sincerely,

                                              MELONI & McCAFFREY
                                              A Professional Corporation

                                              By: _____
                                                            Robert S. Meloni

cc:   Christopher Heintskill, Esq.
       Thomas McCaffrey, Esq.