EXHIBIT G

| | |
|---|---|
| **From:** | Robert Meloni |
| **To:** | Darke, Richard P. |
| **Cc:** | Thomas McCaffrey; Christopher M. Heintskill (cheintskill@lplegal.com) |
| **Bcc:** | Ben Mawson (ben@tapmgmt.com); Ed Millett; Anna Neville |
| **Subject:** | RE: Heard v Trax |
| **Date:** | Thursday, August 19, 2021 4:50:00 PM |

Re the 2002 Joint Venture Agreement, relevancy is not a proper objection. Besides, it goes to show consideration paid to Trax for the catalogue, and goes to Cain's relationship to Trax (see, *e.g.*, Third Party Complaint (TPC) ¶16 ("In December 2002, Trax Records, Sherman and Cain entered into a Joint Venture Agreement with Casablanca…"). Through the TPC, you combine "Cain, Sherman and Trax Records" as the parties in interest. Trax Records, Inc., the Third-Party Plaintiff, is "Trax Records".

Also, I did not receive documents with respect to the following:

1. RFPs 32, 33 and 34: Agreements between Screaming Rachel Cain Music and Ultra Music, and statement of account rendered by Ultra Music w/r/t the songs at issue. Goes to damages.

2. RFP 46: Documents that refer or relate to Cain's ownership interests in Trax Records, Inc., and its predecessors in interest. Your response was "Cain does not have an ownership interest in Trax Records, Inc.". What about its predecessors? Also, the TPC states at ¶

3. RFP 47: "All documents that refer or relate to the sale, assignment or transfer of any interests in Trax Records, Inc., and any assets of Trax Records, Inc., including but not limited to musical copyrights, trademarks, and physical assets, to Cain and/or the widow of Larry Sherman and/or the Estate of Larry Sherman." You again object: "are not relevant or proportional to the claims and defenses in this litigation", which objections are improper.

4. RFP 48: "All documents that refer or relate to any agreements between Cain, on the one hand, and the Widow of Larry Sherman, on the other hand, relating to any ownership interests in Trax Records, Inc. and/or any assets owned or formerly owned by Trax Records, Inc., including without limitation, any Sound Recordings and Musical Compositions." Your response was "Subject to their objections and without waiving the same, Defendants will produce relevant non-privileged documents responsive to this request and that concern the Musical Compositions and Sound Recordings." However, no such documents going to any agreements between Cain and Sherman, or his Estate, or any interests in the songs and masters at issue that were assigned to Cain or her companies, were produced.

5. Generally, all relevancy objections are improper.

-*Robert S. Meloni*

**MELONI & MCCAFFREY**
3 Columbus Circle |15th Floor
New York, New York 10019
*(t)* (212) 520-6090
*(m)* (917) 331-9556
*(f)* (917) 210-3758
*(e)* rmeloni@m2lawgroup.com
*(w)* http://m2lawgroup.com

> **NOTICE**: The information in this Internet e-mail, which includes this e-mail message and any attachments, is attorney client privileged and/or confidential information. The information contained in this message is intended only for the use of the individual or entity named above. Access to this Internet e-mail by anyone else is unauthorized. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone or by e-mail and delete this e-mail from your system. Receipt by anyone other than the intended recipient is not a waiver of any attorney/client privilege or work product privilege.

**From:** Darke, Richard P. <RPDarke@duanemorris.com>
**Sent:** Thursday, August 19, 2021 4:29 PM
**To:** Robert Meloni <rmeloni@m2lawgroup.com>
**Cc:** Thomas McCaffrey <tmccaffrey@m2lawgroup.com>; Christopher M. Heintskill (cheintskill@lplegal.com) <cheintskill@lplegal.com>
**Subject:** Re: Heard v Trax

See my comments below

Sent from my iPhone. Please excuse typos

> On Aug 19, 2021, at 3:07 PM, Robert Meloni <rmeloni@m2lawgroup.com> wrote:
>
> Only 3 and 8 were include. 1,2, 4-7 were not produced.
>
> These are listed in my Rule 37 Letter:
>
> 1. Trax Music Catalogue. (TPC, ¶5);
>
> WE DO NOT HAVE THE CATALOGUE NOR DO WE BELIEVE ITNIS RELEVANT TO ANY CLAIM IN YOUR CASE
>
> 2. Demon License Agreement. (*Id.* ¶6);
>
> WE ATTACHED THIS TO THIRD PARTY COMPLAINT
>
> 3.
> 4. 2012 Settlement Agreement (*Id.*, ¶8): **attached to Third Party Complaint, Ex. 2**
>
> 5. 2002 Joint Venture Agreement (*Id.*, ¶16);
>
> WE DO NOT BELIEVE THIS IS RELEVANT TO YOUR CLIENTs'

CLAIMS
6. 2004 Amendment to Joint Venture Agreement (*Id.*);

SEE ABOVE
7. 2005 Judgment (*Id.*, ¶17);

WE DO NOT HAVE THIS. It is a publicly available document
8. 2006 Purchase of Master Recordings and Trax Music Catalogue under the UCC (*Id.*, ¶18); and

WE DONT HAVE THIS EITHER
9. 2007 Casablanca/Demon Music Group License Agreement (*Id.* ¶19): **attached to Third Party Complaint, Ex. 1**


*-Robert S. Meloni*

**MELONI & MCCAFFREY**
3 Columbus Circle |15th Floor
New York, New York 10019
(t) (212) 520-6090
(m) (917) 331-9556
(f) (917) 210-3758
(e) rmeloni@m2lawgroup.com
(w) http://m2lawgroup.com

> **NOTICE**: The information in this Internet e-mail, which includes this e-mail message and any attachments, is attorney client privileged and/or confidential information. The information contained in this message is intended only for the use of the individual or entity named above. Access to this Internet e-mail by anyone else is unauthorized. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone or by e-mail and delete this e-mail from your system. Receipt by anyone other than the intended recipient is not a waiver of any attorney/client privilege or work product privilege.

**From:** Darke, Richard P. <RPDarke@duanemorris.com>
**Sent:** Thursday, August 19, 2021 3:28 PM
**To:** Robert Meloni <rmeloni@m2lawgroup.com>
**Cc:** Thomas McCaffrey <tmccaffrey@m2lawgroup.com>; Christopher M. Heintskill (cheintskill@lplegal.com) <cheintskill@lplegal.com>
**Subject:** RE: Heard v Trax

Robert,

Thanks for the email.

Re the document you are looking for, did you review the exhibits that were attached to the third-party complaint that was filed against Casablanca? Start there, and let me know if you need additional documents.

We will have dates for you tomorrow.

Thanks,

Rick

**From:** Robert Meloni <rmeloni@m2lawgroup.com>
**Sent:** Thursday, August 19, 2021 2:12 PM
**To:** Darke, Richard P. <RPDarke@duanemorris.com>
**Cc:** Thomas McCaffrey <tmccaffrey@m2lawgroup.com>; Christopher M. Heintskill (cheintskill@lplegal.com) <cheintskill@lplegal.com>
**Subject:** Heard v Trax

Richard:

<u>August 20 Deadline</u>:

We must file a joint status report tomorrow with the names of all remaining deponents and confirmed dates for their depositions through the end of fact discovery. Do you have a list for me?

We need to select dates for each by tomorrow.

Also, my primary issue with your document production is that documents which your pleading has placed in issue were not produced. More specific issues with that production are outlined in the attached letter sent pursuant to Rule 37. If the issue that your client no longer possesses those documents, then please say so in each instance outlined in the attached letter, explaining why they are no longer available.

Let me know when you can speak.

*-Robert S. Meloni*

**MELONI & MCCAFFREY**
3 Columbus Circle |15th Floor
New York, New York 10019
*(t)* (212) 520-6090
*(m)* (917) 331-9556
*(f)* (917) 210-3758
*(e)* rmeloni@m2lawgroup.com
*(w)* http://m2lawgroup.com

**NOTICE**: The information in this Internet e-mail, which includes this e-mail message and any attachments, is attorney client privileged and/or confidential information. The information contained in this message is intended only for the use of the individual or entity named above. Access to this Internet e-mail by anyone else is unauthorized. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone or by e-mail and delete this e-mail from your system. Receipt by anyone other than the intended

recipient is not a waiver of any attorney/client privilege or work product privilege.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.